## J. BRADWELL v. PITTSB. ETC. PASS. RY. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 10, 1890—Decided January 5, 1891.

[To be reported.]

1. Assignments of error relating to the competency of a juror, and to an irregular separation of the jury before verdict, cannot be sustained with nothing on the record on which to base them; if not supported by bills of exception, such assignments will be dismissed without intimation of opinion on the questions intended to be raised.

2. Where the peremptory challenges, in a civil cause, are exhausted, leaving the remaining twelve jurors to be sworn, an order refusing a challenge for cause can be brought upon the record for review by the Supreme Court only when an exception was taken in the court below and bill sealed thereon.

3. In an action for personal injuries caused by negligence, it is error to charge that the jury must be " thoroughly satisfied that the accident did not occur in consequence of the carelessness of the plaintiff, . . . . because the duty of the plaintiff is, not only to prove negligence on the part of the defendant, but also to prove that he was clear of contributory negligence."

4. The rule sometimes laid down, in such cases, that the plaintiff must present a case clear of contributory negligence, was never intended to mean that the plaintiff, after proving affirmatively that the defendant's negligence caused the injury, must also prove negatively that he himself was not guilty of negligence that contributed to the result.

5. Moreover, by the expression "thoroughly satisfied," the jury would doubtless understand that their belief of the plaintiff's freedom from contributory negligence must be so strong as to exclude every reasonable doubt; whereas, in civil cases, the standard of proof, ordinarily, is

---

preponderance of evidence, not such a degree of proof as will produce " thorough " satisfaction.

6. In an action for personal injuries, the jury, in the face of uncontradicted evidence of substantial damages, having rendered a verdict for 6¼ cents, a provisional order for a new trial, directing its refusal on payment of $400 to the plaintiff within 30 days, which sum the plaintiff was unwilling to accept, was error: the plaintiff being entitled to have his damages assessed by a jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 154 October Term 1890, Sup Ct.; court below, No. 386 April Term 1889, C. P. No. 2.

On March 4, 1889, a summons was served in an action of trespass brought by John Bradwell against the Pittsburgh & West End Passenger Railway Company, to recover for personal injuries caused by negligence. Issue.

The case was called for trial on March 24, 1890, when, as stated in the appellant's paper-book, after the challenges had been exhausted and a jury selected, but before the jury was sworn, the fourth juror asked to be excused from serving, saying that he was an employee of a firm a member of which was a director of the defendant company. The court ordered the juror to be sworn. The record, however, showed no bill of exceptions to the order.

The testimony presented tended to show the following facts: On November 3, 1888, between one and two o'clock P. M., the plaintiff, a farmer about twenty-eight years of age, started to drive to his home from Hay's livery stable, Pittsburgh, in a light two-wheel cart, his route lying along Wabash Avenue, traversed by the two tracks of the defendant company. When he started, a horse-car of the defendant was in advance of him, going upon the right-hand track in the same direction. The plaintiff took the left-hand track, and drove along it for nearly 300 yards until he was about abreast of the car, when, seeing another car and a team approaching from the opposite direction upon the track he was pursuing, he attempted to pull over to the right-hand track, in front of the car he was passing, but at that instant the left wheel of his cart struck the end of a rail in the left-hand track, which had become loose and had sprung

Charge of Court below.

out of place, described by the witnesses as bent up like the runner of a sled. The result was, that the plaintiff was pitched out of his cart to the right, falling under the horses attached to the car on the right-hand track, and that car passed over him, breaking his leg in two places and otherwise injuring him. His cart being caught and held by the end of the rail, the harness upon his horse gave way, releasing the horse. There was testimony for the plaintiff to the effect that the gait at which he was driving was "not very fast," while testimony for the defendant tended to show that he was driving at "a pretty smart trot; pretty fast."

The rail causing the accident had been observed during the morning of that day to be sprung out of place, its upturned end being then between two and three feet above the ground. About eleven o'clock an employee of the defendant company came along and spiked it down, but it did not long remain in place. After it again became loose, one or more cars passed over it, the weight of the car pressing it down as the wheels ran along it, and the rail, when released from this pressure, springing up farther than it had been before. A car passed along four or five minutes before the accident. The testimony was conflicting however, as to whether the rail was then in place. At the time the plaintiff approached it, its end was at a height of between four and five feet above the ground. The plaintiff testified that he was keeping a lookout ahead along the track, but did not see the upturned rail. Other witnesses testified that it could easily be seen twenty-five or more feet away. The thickness of the rail was about half an inch.

The uncontradicted testimony of the plaintiff was to the effect that he had expended for medical services, nursing and other assistance rendered necessary by his injuries, nearly $500. He testified, also, that his earning power before the accident was at least $350 per year, and the testimony on his behalf tended to show that he was permanently disabled from following his occupation of farming. On cross-examination, he admitted that he had been drinking that day.

At the close of the testimony, the court, WHITE, J., charged the jury in part as follows :

To entitle the plaintiff to recover in an action of this kind,

Charge of Court below.

two things are essential. One is, that the defendant company was guilty of negligence; the other is, that the plaintiff is not guilty of any negligence that contributed to the result. It is not sufficient to prove that the defendant company was guilty of negligence. [However gross the negligence of the defendant, in a case of this kind, the plaintiff cannot recover unless he was not guilty of any negligence that contributed to the result.] [4] Negligence is, in a general sense, carelessness. A man driving along a road is bound to look out, bound to keep his eyes and thoughts about him. . . . Counsel for the defendant company asks me to say, as a matter of law, that the plaintiff was guilty of negligence upon the evidence before us. In certain cases, where it is very manifest and very plain, it becomes the duty of the court to take the question from the jury in a case of this kind. I decline to do that in this case.

[The jury must not infer, however, because I decline to take this case from the jury that I believe the plaintiff was not guilty of negligence. I thought it was a case where the jury ought to pass upon that question, and you are to be thoroughly satisfied, gentlemen, that this accident did not occur in consequence of the carelessness of the plaintiff in his driving. You are to be satisfied on that point, because the duty of the plaintiff is, not only to prove negligence on the part of the defendant, but also to prove that he was clear of contributory negligence. That must appear, that he was entirely clear of any carelessness or negligence that contributed to the result. Contributory negligence in this case would be, of course, careless driving, neglecting to look ahead. The witnesses on the part of the plaintiff testified yesterday that this rail was up from four to five feet high; that is, the end of it; witnesses who looked and saw it from the side. The witness, Day, said this morning that he thought it was about three feet and a half high. Now, if the rail was up from four to five feet high, could not the plaintiff have seen it if he had looked ahead of him? That is the question. He was bound to look ahead. If he had done so, could he not have seen the rail projecting? The plaintiff's counsel suggests that it was projecting in such a way that he would be looking at the end of it, but could he not have seen the rail 50 or 100 feet away before he came to it, if he had been looking? Those rails are sometimes covered with

Charge of Court below.

mud, but are generally a little brighter that the ground around; and if that rail had been up four or five feet high, there would have been considerable space along the track where there was no rail, and the side of the rail would have been towards him, not the edge of it, as viewed from the side of the pavement. The plaintiff says he did look ahead. The accident occurred suddenly and he was pitched suddenly under the horses, and the car immediately went over him. But was he? That is for you to say. Were the circumstances such that if he had been looking he would have seen the rail? Not whether he did see it; that is not the question; but, if he had been looking as he was bound to, to see what was ahead of him, could he not and would he not have seen the rail projecting? If so, then he is guilty of contributory negligence in not looking, and if that is a fact, he cannot recover at all.] [4] . . . .

The court is requested to charge for the plaintiff:

1. That it was the duty of defendant company to keep the track of its railway in proper repair, so as to do no injury to the public. This is a condition attendant upon the grant of the franchise to construct it for profit, and, if it neglected or refused to do so, by reason whereof the plaintiff sustained injuries, the defendant company is liable in damages therefor. ·

Affirmed, provided the plaintiff was not guilty of contributing negligence.

2. That if the jury believe that the plaintiff was thrown from his cart by the loose and upturned rail of the defendant company, by reason whereof he was injured, the verdict must be for the plaintiff.

Answer: This point ignores the question of contributory negligence, and is therefore refused.[3]

5. That the measure of damages for the personal injuries done plaintiff, resulting from the negligence of the defendant company, is the direct expense incurred by plaintiff, the privation and inconvenience he has been subjected to, the pain and suffering, bodily and mental, which he has endured, or is likely to experience, and the pecuniary loss he has already sustained, and is likely to sustain during the remainder of his life, as a result of his injuries.

Answer: If the plaintiff is entitled to recover, this point correctly states the measure of damages.

—It was stated in the appellant's paper-book that when the jury in charge of a tipstaff were on the way to the jury room, one of the jurors strayed off from the rest of the panel, and wandered around through the corridors of the court house for some time before he was found and placed with the other jurors, and that this fact was brought to the attention of the court below. The record contained, however, no exception relating to the matter.

The jury returned a verdict in favor of the plaintiff for six and one fourth cents.

A rule for a new trial having been argued before the court in banc, the following opinion and order were filed, WHITE, J.:

The evidence showed gross negligence on the part of defendant company in not keeping its track in repair, and the court so said to the jury. The only question was, was the plaintiff guilty of contributory negligence?

The verdict for six cents damages is inconsistent and unreasonable. It means that the plaintiff was not guilty of contributory negligence, or that he was guilty, and therefore nominal damages are given. Can we let such a verdict stand? If the plaintiff was not guilty of contributory negligence, he should, under the evidence in this cause, have had more; if guilty, none. We can hardly let the verdict stand, on the ground that the jury meant to put the costs on defendant. They had no right to do so, if they found for the defendant on the question of contributory negligence. The case would be a bad precedent for the future.

I think the plaintiff was very careless in his driving, and, perhaps, was not in a proper condition to guard against accidents. But the railway track was in a very bad and dangerous condition. It ought to suffer for as gross negligence as was shown in this case. It may be a useful lesson for the future, and save others from accidents.

I do not believe the plaintiff was permanently injured or disabled. His injuries, however, were of a serious character, and entailed considerable expense. It is hard that he should suffer so greatly because of the gross negligence of the defendant company, and yet the company go scot free because of some contributory negligence on the part of plaintiff.

Arguments.

There are some equities in the case which the court may properly consider on this motion. It is true the rigid rule of law will not allow the court or jury to apportion damages according to the relative negligence of the plaintiff and defendant. Yet, in granting or refusing a new trial, the court has power to impose conditions which are plainly just and equitable. A new trial in this case might result in a clear verdict for the defendant, or a verdict for a very large sum for plaintiff. It is a fair case for a compromise. Under the admitted facts and circumstances, I think the defendant company can well afford to pay the plaintiff four hundred dollars, and he should be satisfied with that sum. I suggest that compromise, and make the following order to enable the parties to carry it out:

And now, June 19, 1890, it is ordered that if the defendant company, within thirty days from this date, shall pay the plaintiff four hundred dollars, with costs of this case, then new trial is refused; otherwise new trial will be granted.[5]

—The plaintiff having refused to accept $400, when tendered to him by the defendant, judgment was entered on the verdict, whereupon the plaintiff took this appeal specifying that the court erred:　　　o

1. "In permitting the fourth juror to remain in the panel, after he had given a good and valid reason why he could not serve."

2. "In permitting the verdict of the jury to be rendered and entered, after it was known that the second juror had for some time been separated from the other jurors in the jury room."

3. In refusing the plaintiff's second point.[3]

4. In the portions of the charge embraced in [ ] [4]

5. In making the order of June 19, 1890.[5]

6. In entering judgment on the verdict.

*Mr. J. J. Miller*, for the appellant:

1. Unfortunately, the subject matters of the first and second assignments of error are not of record; but the facts are undisputed, and it is submitted they are well worthy of consideration at this time. No case can be cited which bears directly upon these assignments, but they come within the spirit of

Arguments.

Mench v. Bolbach, 4 Phila. 68, holding that any irregular act on the part of a juror is ground for a new trial. The fourth juror being dependent upon and under the control of his employer, was disqualified: Cummings v. Gann, 52 Pa. 484 Hubbard v. Rutledge, 57 Miss. 7; Central R. Co. v. Mitchell, 63 Ga. 173. And the rule of law as to contributory negligence was stated incorrectly, or at least too broadly, so as to mislead the jury: Patterson's Ry. Acc. Law, § 55. The facts of the case disclosed nothing warranting the belief that the plaintiff was in any degree guilty of contributory negligence: Shear. & Redf. on Negl., § 462; Patterson's Ry. Acc. Law, § 50.

2. The court, in answering plaintiff's fifth point, laid down the proper measure of damages. But as the jury perversely disregarded the instruction, a new trial must be granted, whether the judge was right or wrong: Flemming v. Insurance Co., 4 Wh. 59; Ross v. Eason, 1 Y. 14; Smith v. McCormick, 2 Y. 164; Le Van v. Railroad Co., 5 W. N. 293; Hawman v. Turnpike Co., 2 Woodw. 332. The error was not cured by the order of the court, making a new verdict of $400. The power of the court to reduce verdicts is well recognized, but there are no precedents in this state supporting the order made by the court below. Moreover, the verdict, as rendered, was brought about by erroneous instructions of the court on the subject of contributory negligence, and the court, in granting a new trial for its own error, ought not to impose terms: Mcbride v. Daniels, 92 Pa. 332.

*Mr. Geo. C. Wilson,* for the appellee:
Error cannot be assigned to a matter not apparent on the record: Rogers v. Whiteley, 38 Pa. 137; Jones v. Dilworth, 63 Pa. 447; Commonwealth v. Ware, 137 Pa. 465. The testimony establishes clearly that the plaintiff was guilty of contributory negligence; and if his injury was contributed to by his negligence in any degree, he cannot recover: Thirteenth St. Ry. Co. v. Boudrou, 92 Pa. 475. It is clear that if he had used his eyes he would not have been hurt. Even if a plaintiff swears that he looked and did not see, yet, if from other evidence in the case it appears that looking would have disclosed the danger, he cannot recover: Barnes v. Sowden, 119 Pa. 53; Carroll v. Railroad Co., 12 W. N. 348 (2 Penny. 159); Read-

Opinion of the Court.

ing etc. R. Co. v. Ritchie, 102 Pa. 425; Moore v. Railroad Co., 108 Pa. 349; Penna. R. Co. v. Bell, 122 Pa. 58; Marland v. Railroad Co., 123 Pa. 487. Error does not lie to an order refusing a new trial: Thompson v. Barkley, 27 Pa. 263; Howser v. Commonwealth, 51 Pa. 332. And the right to impose terms was incident to the discretion appealed to by the motion for a new trial: Huston Tp. Ins. Co. v. Beale, 110 Pa. 321. The verdict, in effect, was one in favor of the defendant, but imposing the costs upon it.

OPINION, MR. JUSTICE STERRETT:

It is conceded by the learned counsel for plaintiff that there is nothing in this record on which to base the first and second specifications of error. It does not appear that any objection was made or exception noted in the court below as to either of the matters referred to in these specifications, and hence the questions intended to be raised are not properly before us. When the relation of the fourth juror to a member of the company defendant was disclosed, the plaintiff might have interposed a challenge for cause, and if the court had refused to sustain it, he could have excepted, and requested the court to seal a bill. In that way the facts could have been brought upon the record, and the question would have been properly presented; but, as the record stands, the first and second specifications must be dismissed without any intimation of opinion as to the merits of the questions intended to be raised.

The prayer for instruction, recited in the third specification, was rightly refused, because it entirely ignores the question of contributory negligence. While the evidence on that subject is very slight, we are not prepared to say that it does not amount to more than a mere scintilla.

In that portion of the charge recited in the fourth specification there is manifest error, especially in what was said by the learned judge in relation to the degree, as well as the burden of proof. Among other things, he instructed the jury that they must " be thoroughly satisfied that the accident did not occur in consequence of the carelessness of the plaintiff in his driving. You are to be satisfied on that point, because the duty of the plaintiff is not only to prove negligence on the part of the defendant, but also to prove that he was clear of contributory negligence," etc.

By the expression "thoroughly satisfied," the jury would doubtless understand the court to mean that it was not only necessary for them to believe the weight of the evidence, on the subject of contributory negligence, was in plaintiff's favor, but that their belief must be so strong as to exclude every reasonable doubt that plaintiff's carelessness in driving did not contribute to his injury. The instruction as to the burden of proving absence of contributory negligence is too clear and explicit to admit of any doubt. The charge is so clearly erroneous, in each of these particulars, that it is unnecessary to refer to any of the authorities establishing the contrary doctrine. In actions such as this, it has been sometimes said that the plaintiff must present a case clear of contributory negligence. The obvious meaning of that and similar forms of expression is, that the burden is on the plaintiff to prove that the injury complained of was caused by defendant's negligence, and if, in so doing, the fact is disclosed that his own negligence contributed to the result, there can be no recovery, because the case as thus presented by the plaintiff is not clear of contributory negligence. It was never intended to mean that the plaintiff, after first proving affirmatively that defendant's negligence caused the injury, must also prove negatively that he himself was not guilty of any negligence that contributed to the result. No reputable authority can be found anywhere to sustain such a proposition, and much less is there any reason for requiring the high standard of proof specified by the learned judge. Ordinarily, the standard of proof, in civil cases, is preponderance of evidence ; not such a degree of proof as will produce "thorough" satisfaction in the minds of the jurors, as to the truth of an alleged fact.

In view of the uncontradicted evidence as to the serious nature of plaintiff's injuries, his actual outlay for surgical attendance, loss of earning power, etc., the verdict of six and one fourth cents in his favor was a mere travesty of justice that could not be condoned by the provisional order for a new trial which the plaintiff refused to accept. In finding for plaintiff, the jury must have reached the conclusion that his injuries were caused by the defendant company's negligence, and that he himself was not guilty of any negligence contributing thereto. Under these circumstances, he was entitled, as matter of

Statement of Facts.

right, to have the jury pass fairly on the question of damages, and by their verdict award him such sum as, under the evidence, he was entitled to.

The fourth, fifth, and sixth specifications of error are sustained.

Judgment reversed, and a venire facias de novo awarded.

Argued November 10, 1890—Decided January 5, 1891.