### Martz *v.* Traction Company.

*Trespass—Personal injuries—Measure of damages—Charge of court.*

In an action of trespass for negligence where a nominal verdict is given for plaintiff, the appellate court will not reverse although the appellant has ground for complaint as to the amount of the verdict, where there is no allegation of error in regard to the charge of the court as to the question of damages.

Argued April 30, 1900. Appeal, No. 172, April T., 1900, by plaintiff, in suit of John Martz against the Consolidated Traction Company, from judgment of C. P. No. 2, Allegheny Co., July T., 1898, No. 120, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Trespass.   Before SHAFER, J.

It appears from the record that the above and following cases rested upon the same facts and were tried together in the court below.   John Martz, appellant first named, was the coachman of George L. Peabody, the other appellant.   The appellee in both cases is the Consolidated Traction Company.

Upon the evening of December 23, 1897, Martz, in the course of his employment took some members of the family of Mr. Peabody in the carriage of his employer to the Linden Club House, situated on Linden avenue, in the city of Pittsburg.   After leaving the occupants of the carriage at the club house, Martz drove the team and carriage towards the stable of Mr. Peabody, going out Fifth avenue in a northwardly direction towards Frankstown avenue and intending to cross to the north side of Frankstown avenue and drive in a westwardly direction toward East Liberty between the curb and the west-bound tracks of the Consolidated Traction Company, appellee.   There was a driving snowstorm raging on this evening which made it impossible to see any considerable distance.   The southeast corner of Frankstown avenue and Fifth avenue is a sharp acute angle and on this corner a brick store building is erected which interferes with the view down Frankstown avenue when the traveler approaches from Fifth avenue.   Martz drove the carriage of the other appellant, George L. Peabody, to the edge of Frankstown avenue, waited until a west-bound car going from Wilkinsburg had passed, and after having stopped, looked and listened, and not having seen or heard a car approaching on either track, proceeded to cross to the north side of said street. But before the carriage had cleared the east-bound track it was struck by a rapidly moving car of appellee, hurled to the far side of the street and completely demolished.   Martz, the coachman, was thrown across Frankstown avenue and landed upon his back upon the extension of Fifth avenue, known as the Beechwood Boulevard, sustaining, in consequence, painful injuries, which have incapacitated him from performing the duties of his former occupation.

The car was stopped after ploughing through a large snowdrift for a distance of fifty feet or more beyond the point where the collision occurred.

The court charged the jury in part as follows:

[If this had not been a snowy night, I cannot see how he could possibly have avoided seeing the car long before it came within fifteen feet of him, and it is very difficult to me to imagine how he avoided seeing the car then; snow or no snow. It seems to me if a man was driving rapidly, and it was testified he was driving rapidly, and nothing to the contrary was shown, if he was driving rapidly across the car track and looked before he went on, even if the car was running at a pretty considerable speed, he would have got over before he was struck.] [1] . . . .

[The defendant brings on the stand the motorman and the conductor of the car, and two passengers who were in the car. Now all four of them say that the bell was rung and all four of them say that the car was going at no more than the average rate of speed.] [2] . . . .

[If you come to the conclusion that there ought to be a verdict for the plaintiff, that is, that the defendant was guilty of negligence and the plaintiff was not guilty of any negligence, then you will have to determine how much the verdicts ought to be, and then the verdicts will have to be separated.] [4]

Verdict and judgment for plaintiff for six and one fourth cents. Plaintiff appealed.

*Errors assigned* were (1, 2, 4) to portions of the judge's charge, reciting same. (3) In the charge to the jury, in that the same is one-sided, obscure and misleading. (5) In the charge to the jury, in that the court gave the jury no adequate definition of contributory negligence and did not define contributory negligence in the light of the facts adduced by the testimony.

*A. M. Thompson*, with him *James C. Gray*, for appellant.

*H. L. Castle*, with him *Geo. S. Wilson* and *W. P. Potter*, for appellee.

OPINION BY BEAVER, J., July 26, 1900:

The appellant seems to forget that he got a verdict—not much of a verdict it is true but a verdict nevertheless—and

this is the sufficient answer to the alleged errors of which he complains. He possibly had some right to complain of the amount of the verdict but, inasmuch as there is no allegation of error in regard to the charge of the court as to the question of damages, there is nothing alleged in his specifications of which he has the right to complain, for it is well settled that error which works no injury to the party complaining will not be regarded by an appellate court. Aside from this, however, and viewing the errors assigned as if the verdict had been for the defendant, we can see nothing in any of them of which the plaintiff has a right to complain. He totally misconceives the portion of the charge assigned for error in his first specification. It is difficult to conceive how the paragraph complained of can be tortured into an intimation to the jury " that the coachman Martz drove rapidly across the track without looking and that nothing to the contrary had been shown. " The phrase " nothing to the contrary was shown " relates exclusively to the rapid driving and has nothing whatever to do with the question of looking. It requires only a simple, common sense reading of this part of the charge to satisfy an impartial mind as to what is meant.

It is true, as alleged in the second specification, that one of the four witnesses called by the defendant did not say that the bell was rung. The other three united in their testimony as to that fact and the fourth said nothing upon the subject. There was, therefore, no disagreement as to that fact. It was not absolutely correct but, under the circumstances, it was not reversibly erroneous.

The portion of the charge complained of in the fourth specification of error is somewhat obscure as to what constitutes contributory negligence but, in the light of what was previously said upon this subject, the jury could not have been misled and in fact were not, for, if they had been influenced in any way by the expression complained of, the verdict must have been for the defendant.

There is nothing in any of the assignments of error, in view of the verdict, requiring further comment and they are all, therefore, overruled.

Judgment affirmed.