## Spence, Appellant, *v.* Stockdale Borough.

*Negligence—Damages—Inadequate verdict for plaintiff.*

In a negligence case a verdict for plaintiff for six and one-quarter cents will not be sustained where the uncontradicted evidence of the plaintiff corroborated to some extent by that of his wife shows that plaintiff was entitled to recover substantial damages, if he was entitled to recover at all; and this is the case although a verdict for defendant might have been rendered under the evidence.

Argued April 20, 1914.   Appeal, No. 120, April T., 1914, by plaintiff, from judgment of C. P. Washington Co., Aug. T., 1912, No. 141, on verdict for plaintiff in case of Edward U. Spence v. Stockdale Borough.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, TREXLER and KEPHART, JJ.   Reversed.

Trespass to recover damages for personal injuries sustained by a fall on a defective sidewalk.   Before TAYLOR, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for six and one-quarter cents.   Plaintiff appealed.

*Error assigned* amongst others was in refusing new trial.

*Vernon Hazzard,* for appellant.

*T. H. W. Fergus,* with him *Hugh E. Fergus,* for appellee.

OPINION BY RICE, P. J., July 15, 1914:

As we view this case it is not necessary to recite the evidence in detail.   Whether the defendant was negligent, and whether its negligence was the sole, efficient, and proximate cause of the personal injuries received by the plaintiff, or his concurring negligence contributed

thereto, were questions which, under the evidence, the court was bound to submit and did submit to the jury with appropriate instructions to render a verdict for the plaintiff or the defendant in accordance with their determination of them. The defendant did not except to the submission of them or to the manner in which they were submitted in the charge. The verdict in the plaintiff's favor, interpreted in the light of the charge, implies a finding that the defendant's negligence was the proximate cause of the injuries and that the plaintiff was not guilty of contributory negligence. The plaintiff's testimony as to his injuries and the consequences resulting from them was to the effect that his knee and side were injured; that because of the injury to his knee he was disabled for a considerable time to follow his usual avocation and thereby lost the wages, specifying the amount, he would have earned; that even at the time of the trial his earning power was diminished; that he was in a hospital under treatment for a time; that he was compelled to have the attendance and treatment of physicians at his own home and at the latters' offices; and that he suffered much pain. He expressed the belief that the injury to his knee was permanent; but, even if it was not, there can be no doubt that, under his testimony, which was uncontradicted and was to some extent corroborated by that of his wife, he was entitled to recover substantial damages if he was entitled to recover at all. The amount was for the jury's determination; but clearly and beyond all question a verdict in his favor for six and one-quarter cents was not justified under the implied findings of the jury upon the other questions. It has been said that a new trial for inadequacy of damages ought not to be allowed when in the judgment of the court the verdict should have been against the prevailing party, or when a verdict appears to have been given for nominal damages only, because the jury concluded that there was no liability: 29 Cyc. of Law & Pro. 847. Even if

it be conceded that this is a sound general rule, we cannot agree that it is applicable here. While a verdict for the defendant was warranted under the evidence, it is not clear that a verdict for the plaintiff for substantial damages would have been so clearly against the preponderance of testimony that the court, in the exercise of a sound discretion, ought to set it aside. We may surmise that the verdict was the result of a compromise whereby the majority of the jurors yielded their conviction that the defendant was not liable at all, in consideration of the assent of the minority to a verdict for nominal damages only. But as far as we can see from anything before us, this view has little more to support it than a guess. The appellate court is reluctant, and for good reasons, to overrule the action of the trial court in refusing a new trial on the ground of inadequacy of damages in such cases as this. See Chestnut v. Auto-Car Co., 53 Pa. Super. Ct. 1. But there are extreme cases where they may and ought to do so rather than to give countenance to a verdict so absurd as to compel the conclusion that the jury must have been influenced by partiality, passion, or prejudice, or by some misconception of the law or the evidence. Thus, in Bradwell v. Pittsb., etc., Pass. Ry. Co., 139 Pa. 404, it was held, as stated in the syllabus: In an action for personal injuries, the jury, in the face of uncontradicted evidence of substantial damages, having rendered a verdict for six and a quarter cents, a provisional order for a new trial, directing its refusal on payment of $400 to the plaintiff within thirty days, which sum the plaintiff was unwilling to accept, was error: the plaintiff being entitled to have his damages assessed by a jury. Justice STERRETT stated the grounds of the decision as follows: "In view of the uncontradicted evidence as to the serious nature of plaintiff's injuries, his actual outlay for surgical attendance, loss of earning power, etc., the verdict of six and one-fourth cents in his favor was a mere travesty of justice that

could not be condoned by the provisional order for a new trial which the plaintiff refused to accept. In finding for plaintiff, the jury must have reached the conclusion that his injuries were caused by the defendant company's negligence, and that he himself was not guilty of any negligence contributing thereto. Under these circumstances, he was entitled, as matter of right, to have the jury pass fairly on the question of damages, and by their verdict award him such sum as, under the evidence, he was entitled to." Accordingly, the assignments of error bringing into question the order on the motion for new trial and the entry of judgment on the verdict, were, amongst others, expressly sustained. Applying the same principle here, the first assignment of error is sustained. We find no error in the rulings on evidence, and none in the charge of the court, of which the plaintiff can justly complain. Therefore, the other assignments of error are overruled.

The judgment is reversed and a venire facias de novo awarded.