### Stetler v. Bair.

*Automobile collision — Personal injury — Negligence — Verdict — Inadequacy—New trial.*

1. In an action to recover damages for personal injury caused by an automobile collision, a verdict will not be set aside for inadequacy where the evidence was overwhelming that the defendant had not been guilty of negligence, though there was some evidence of negligence sufficient to take the case to the jury, and it would seem that the very small verdict for the plaintiff was arrived at, not by any partiality or prejudice or misconception of the law, but out of sympathy for the plaintiff, though the evidence would have justified a verdict for the defendant.

2. As a general rule, a new trial will not be granted because of small damages, where the jury must evidently have come to a compromise, unless it is evident that there has been a total refusal on the part of the jury to discharge their duty.

Rule for a new trial. C. P. Lancaster Co., Aug. T., 1924, No. 18.

*Zimmerman, Myers & Kready* and *Roy M. Boyd,* for plaintiff and rule.

*F. S. Groff, K. L. Shirk* and *John A. Coyle,* contra.

HASSLER, J., Jan. 17, 1926.—In this case the plaintiff sought to recover damages for injuries sustained in an automobile accident, which she alleges was due to the negligence of the defendant. She testified at the trial that on Jan. 2, 1924, she was a guest in a car belonging to her brother which was operated by another brother; that, as they were going east on the Lincoln

Stetler *v.* Bair.

Highway some distance east of this city, after dark, when it was raining and sleeting, the car in which she was riding collided with the truck belonging to the defendant. She was severely injured, having had two ribs broken, and sought to recover damages to the amount of $25,000. The jury returned a verdict of $65. The reasons filed for a new trial are that the verdict was against the evidence and the weight of the evidence. At the trial, De Witt Turner, who was operating the car in which the plaintiff was riding, testified as to the alleged negligence of the defendant, that he was driving east on the Lincoln Highway after dark, that it was raining and sleeting, and that when within eight feet of it he perceived a truck standing diagonally across the highway without lights, and without leaving sufficient room for an automobile to pass. He did not see it until he was within eight feet of it, and says it was diagonally across the highway three or four feet beyond the centre of the road with no lights. He said that the rear end of the automobile he was operating bumped into the front of the truck. The truck belonged to the defendant. Two witnesses who were riding in the car and a gentleman who came along afterwards were called as witnesses and corroborated this testimony.

On the part of the defendant, W. J. Elliott, who had stopped his car at about the point of the accident to clean the windshield, testified that the defendant's truck passed him, and when it was a length or two beyond him he heard a scream. He says the truck was on its right side of the road and going slowly. S. B. Brewster, who was there immediately after the accident, says there was snow on the road and he could see the tracks. The tracks showed that the truck was on the right-hand side of the road and that the lights were burning. Clair Leaman saw the tracks in the snow shortly after the accident, and the truck had been running on its right-hand side of the road. The tracks showed that the automobile in which the plaintiff was riding skidded several lengths into the truck in the middle of the road. This accounts for the rear end of the automobile bumping into the front of the truck, as testified to by its driver, De Witt Turner, a witness for the plaintiff. John Leaman, who was with Clair Leaman, testified to the same effect. Willis Eby, the driver of the truck, said he was running on his right side of the road, that the automobile was over the centre on his, the defendant's, right side of the road. He says the lights on the truck were burning, but there were no lights on the automobile. The defendant was asleep, but woke up when the accident occurred. He said the lights were burning before he went to sleep and also when he woke up. We instructed the jury that the plaintiff was not chargeable with any contributory negligence. We submitted the case to the jury on the 12th of October, 1925, and they did not arrive at a verdict until some time on the 14th, having considered the case for about thirty-six hours.

Judge Rice said, in Evans *v.* D. & H. Canal Co., 6 Kulp, 465, that the power to grant a new trial because of inadequacy as well as the excessiveness of the damages allowed by the jury is undisputed, but this power is much more rarely exercised in the former than in the latter case. In Murray *v.* Gearing, 48 Pitts. L. J. 329, Judge Stowe said: "In general, the court will not grant a new trial because of small damages, where the jury must evidently have come to a compromise, unless it is evident that there has been a total refusal on the part of the jury to discharge their duty." In McIntire *v.* Stringer, 3 Phila. 302, Judge Hare said: "Mr. Graham, in his work on new trials, is of the opinion that the amount of damages in actions for torts to the person, is so exclusively for the jury that the court cannot interfere even when the

Stetler *v.* Bair.

insufficiency is so gross and palpable as to leave no room for doubt that the verdict is perverse and unwarranted. We need not now determine whether we would follow the rule thus stated in its utmost rigor." In Twaddell *v.* Chester Traction Co., 6 Del. Co. Reps. 399, Judge Clayton decided that a new trial will not be granted merely on the ground of inadequate damages where the verdict is not plainly inexcusable under the evidence, even though the verdict may have been a compromise. In Maley *v.* Murdoch, 67 Pitts. L. J. 336, it is decided that in a negligence case where the evidence had fairly justified a verdict for the defendant, but the jury, moved by sympathy, returned what was evidently a compromise verdict, inadequacy will not justify a new trial. The fact that the verdict is evidently the result of a compromise does not affect its integrity and will not be set aside because it is inadequate: Com. *v.* Daly, 11 Dist. R. 527. In a negligence case where the court is of the opinion that the jury should have found for the defendant, a new trial will not be granted on the ground that the verdict is inadequate. Judge Broomhall said that "the logical result of this should have been a verdict for the defendant. Instead, they rendered a small verdict for the plaintiff, of which only the defendant has a right to complain:" Casey *v.* Hutchinson, 29 Dist. R. 649. In Spence *v.* Stockdale Borough, 57 Pa. Superior Ct. 622, although a new trial was granted on the ground that the damages allowed by the jury were inadequate for the injuries proven, Judge Rice said: "The amount was for the jury's determination; but clearly and beyond all question a verdict in his favor for six and one-quarter cents was not justified under the implied findings of the jury upon the other questions. . . . The appellate court is reluctant, and for good reasons, to overrule the action of the trial court in refusing a new trial on the ground of inadequacy of damages in such cases as this. See Chestnut *v.* Autocar Co., 53 Pa. Superior Ct. 1. But there are extreme cases where they may and ought to do so rather than to give countenance to a verdict so absurd as to compel the conclusion that the jury must have been influenced by partiality, passion or prejudice." In Hammaker *v.* Watts Township, 71 Pa. Superior Ct. 554, where a new trial was granted for inadequacy of damages because, Judge Keller said, "the jury having so found with the evidence of the child's age, good health, bright mental condition and helpful disposition before it, a verdict fixing the pecuniary value of the child's life at the amount expended for its burial is so unreasonable and disproportionate to the value of human life, that we are convinced that it must have been influenced by *partiality or prejudice, or by some misconception of the law or the evidence in the case.*"

In the present case the testimony was overwhelming that the defendant had not been guilty of negligence. There was, however, some evidence to show he was negligent, so that we were compelled to submit the case to the jury. After a deliberation of two nights and a day, thirty-six hours, they arrived at a verdict, low, not because of any partiality or prejudice or some misconception of the law or the evidence, but because, in our opinion, some of the jurors hesitated to agree that the defendant was guilty of any negligence that caused the accident. The verdict, after considering the whole case, in our opinion, was found for the plaintiff, even though the damages were placed at a very small figure, because of sympathy for her and not because the weight of the evidence justified it. After consideration of the whole case, we do not think the plaintiff should complain of the verdict, and we are not disposed to disturb it on the ground of inadequacy.

The rule for a new trial is, therefore, discharged.

From George Ross Eshleman, Lancaster, Pa.