## Jurovcik v. Belback.

*New trial—Negligence—Suit for death of minor child—Damages.*

In a suit for the death of a minor child, killed in an automobile accident, charging that the cause of the accident was negligence of the defendant, the jury awarded damages equal to the undisputed items of funeral expenses. The plaintiff asked for a new trial on the ground of inadequacy of the damages given: *Held,* that, by the evidence respecting the age, health, ability and disposition of the child, it was established that the lost life had a pecuniary value, and a verdict fixing such pecuniary value at the amount expended for the child's burial was so unreasonable and disproportionate to the value of human life that it should be set aside.

Motion for new trial. C. P. Washington Co., Aug. T., 1925, No. 594.

*Vance & Gibson,* for plaintiff; *Witherspoon & Devore,* for defendant.

BROWNSON, P. J., Feb. 14, 1927.—The plaintiff sued for the death of her minor son, killed in an automobile accident, charging that the cause of the accident was negligence of the defendant. The jury found in plaintiff's favor and awarded damages in the sum of $383.15. The plaintiff asks for a new trial upon the ground of inadequacy of the damages given.

In Spence *v.* Stockdale Borough, 57 Pa. Superior Ct. 622, which was an action for personal injuries, the jury found for the plaintiff, awarding 6¼ cents damages. The appellate court held it reversible error to refuse a new trial when the plaintiff, if entitled to recover at all, was, under the uncontradicted evidence, entitled to substantial damages, and a verdict for nominal damages only was "so absurd as to compel the conclusion that the jury must have been influenced by partiality, passion or prejudice, or by some misconception of the law or the evidence." See, also, Bradwell *v.* Railway Co., 139 Pa. 404, 413. In Hammaker *v.* Watts Township, 71 Pa. Superior Ct. 554, the principle of those cases was applied to an action for the death of a minor child. The verdict for the plaintiff in the latter case awarded only the amount of the funeral expenses paid and gave nothing for the pecuniary value to the parents of the child's life. The refusal to grant a new trial for inadequacy of the verdict was held to be an abuse of judicial discretion. The court, Keller, J., said, in substance (page 565), that while there may possibly be exceptional circumstances which may justify a jury in holding that parents are not entitled to more than nominal damages for the death of their child through negligence, such exceptional circumstances did not exist in that case, as by the evidence respecting the age, health, ability and disposition of the child, it was established that the lost life had a pecuniary value, and a verdict fixing such pecuniary value at the amount expended for the child's burial was "so unreasonable and disproportionate to the value of human life" that it should have been set aside.

The facts of the present case are closely similar to those of Hammaker *v.* Watts Township. There was testimony that the deceased was a strong, health young man, a little over eighteen years of age, who was a steady worker and in the habit of turning practically all his wages over to his mother, the plaintiff, for the support of her family, which included other minor children, younger than himself. This testimony was not contradicted nor was its truth in any way impugned. It was sufficient to show that his life had an actual and substantial pecuniary value to the plaintiff. There was testimony offered, also, to show the amount expended for the funeral and interment of the young man. Two of the items embraced in the bill therefor were objected to by the defendant as unnecessary and unreasonable expenses, but to none of the other items was any objection made at the trial. The

Jurovcik v. Belback.

amount of the verdict was substantially what was paid for these unattacked expenses, being in fact a few cents less than this—the difference being, perhaps, accountable for on the supposition of an error of calculation when the jurors added up the undisputed items. It is evident, then, that this jury, like the jury in the Hammaker v. Watts Township case, have awarded no compensation for the pecuniary value of the child's life, and, under the authority of that case, a new trial should be granted.

And now, Feb. 14, 1927, the plaintiff's motion for a new trial is sustained and the new trial therein prayed for is granted.

From Harry D. Hamilton, Washington, Pa.