## Scheirer v. Donovan.

*Practice—New trial—Inadequate verdict—Power of court to disturb verdict.*

1. In an action for personal injuries resulting in death, a new trial will not be granted on the ground of inadequacy of the verdict merely because it is in an amount equal to the exact sum expended for funeral and other expenses.

2. The power of the court to award a new trial on the ground that the verdict is inadequate must be exercised with caution, and a verdict, if more than nominal, will not be disturbed merely because it is small, even though, when compared with other verdicts or with the injuries sustained, it seems inadequate.

3. The trial judge may not substitute his judgment for that of the jury, and should interfere only when he is convinced that the verdict was influenced by partiality, passion or prejudice or by some misconception of the law or the evidence.

Trespass for personal injuries. Motion for new trial. C. P. Lehigh Co., Sept. T., 1926, No. 89.

*William H. Schneller*, for plaintiff; *Ralph H. Schatz*, for defendant.

RENO, P. J., March 14, 1927.—Plaintiff's husband was killed by defendant's automobile while crossing a street intersection. Plaintiff charged that the death resulted from defendant's negligence; defendant alleged that the death was due to the negligent manner in which plaintiff's husband crossed the street. There was sufficient evidence to support a verdict for either plaintiff or defendant. The jury returned a verdict for plaintiff for $513.23, the exact amount expended for funeral and other expenses. No award was made for the pecuniary loss suffered by plaintiff by the death of her husband, although there was evidence that he earned about $36 per week, was a hard, sober and industrious worker and had a life expectancy of 14.31 years. The plaintiff moves for a new trial upon the sole ground that the verdict is inadequate.

That we have power to award a new trial upon this ground is undisputed. This power, however, must be exercised with caution. "No mere difference of opinion, nothing short of a clear conviction compelled by the evidence that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnishes any definite standard by which they might be measured and the jury had no other guide in arriving at the amount to be awarded but pure conjecture:" Rice, P. J., in Palmer v. Publishing Co., 7 Pa. Superior Ct. 594. This is the rule followed by the Superior Court when passing upon the question whether a trial court has properly exercised its discretion in granting or refusing a new trial. We cannot greatly err if we apply the same rule when we are exercising that discretion: *Cf.*, Laudenberger v. Easton Transit Co., 16 Northamp. Co. Repr. 242, 246.

Scheirer v. Donovan.

When we consider several applications of the rule, its meaning becomes even more clear. In the case in which it was announced, the Palmer case, a jury rendered a verdict for six and a-quarter cents in an action for libel where the publication charged plaintiff with bad faith, falsehood, breach of trust and the theft of almost a half million of dollars, and neither the trial court nor the Superior Court granted a new trial. This was a case where the law did not furnish a "definite standard by which the damages might be measured and the jury had no other guide in arriving at the amount to be awarded but pure conjecture." But the rule was also followed in Reno v. Shallenberger, 8 Pa. Superior Ct. 436, an action for personal injuries, where a seventeen-year-old boy, burned by contact with defendant's electric wires, was awarded six and a-quarter cents by the jury, and the verdict stood. In Woodward v. Traction Co., 17 Pa. Superior Ct. 576, which seems to be the next application of the rule, a fourteen-year-old boy was seriously and permanently injured by defendant's street-car, propelled at a very high speed, and the jury awarded him $750. Application was made for a new trial, but it was refused by the trial court and by the Superior Court. In the course of the opinion, the Superior Court, speaking through Judge William W. Porter, indicated so lucidly the processes of reasoning by which it arrived at its conclusion that we cannot resist the temptation of inserting a sizable extract here: "The evidence shows indubitably that the boy, in whose favor the verdict was rendered, was badly hurt. . . . We have thus only the items of pain and suffering and the results of the injury. For these, some tribunal must fix the amount which shall be by it regarded as compensation. The tribunal which has long and satisfactorily passed upon such matters is the jury. The amounts recovered in the numberless cases are as various as the constituents of the tribunal themselves, which convene for the particular cases and then disappear. No one has found a satisfactory substitute for this method of assessing damages. Least of all is it to be expected that the province of this tribunal of facts and figures is to be entrenched upon by giving to judges the determination of the amounts recoverable. It is to be remarked that the sum of $750 is substantial, not merely nominal. It is not so small as to be totally absurd or illogical, as in Bradwell v. Pittsburgh, etc., Passenger Ry. Co., 139 Pa. 404. Possibly, in the case of some boys it might be regarded as adequate in view of their circumstances and prospects. It may be that in the case of a son of a distinguished lawyer, the verdict seems small. It may be that had we sat as jurors, we could have concurred in a larger verdict in this case. It may be that some courts would have had difficulty in allowing the case to go to the jury in view of the charge of contributory negligence upon the facts shown. We are, however, dealing with a definite finding, not with possibilities. We have read the testimony. We have examined the charge with care. Conceding, for the purposes of discussion, that the verdict is inadequate, we can find nothing upon which to lay a finger and say, here was a cause for the verdict which indicates that the jury were influenced by partiality, passion or prejudice. We find nothing in the charge or in the verdict which indicates a misconception of the law or of the evidence, either by the court or by the jury, or of which we can say that it furnishes the cause for a wholly inadequate verdict. There is no standard by which to measure compensation for physical injury and suffering. The jury must determine what is compensation. The court below in its discretion controls only verdicts extremely inadequate or grossly excessive."

In Chestnut v. Autocar Co., 53 Pa. Superior Ct. 1, plaintiff was injured while working on an automobile. He was awarded $300 and his father $75. The verdicts stood, the Superior Court holding: "While the amount awarded

Scheirer v. Donovan.

as damages in this case is small as compared with many other verdicts for similar injuries which have been rendered, it is not nominal but a substantial sum" and "it is well settled that the power of the appellate courts of this State to grant a new trial upon the ground of excessiveness or inadequacy of damages awarded by the jury is exceptional in character and only to be exercised in very clear cases of wrong and injustice which the court below should have remedied." In Jones v. Pennsylvania Co., 60 Pa. Superior Ct. 436, 438, a passenger was injured while alighting from a railroad car in a dimly-lighted station. Judge Trexler says that "the verdict given by the jury of $1000 might appear small in comparison to the injury sustained, but the refusal of a new trial was within the discretion of the court. . . . While the amount awarded is small as compared with many other verdicts for similar injuries which have been rendered, it is not a nominal but a substantial sum."

From these cases and from many others that might be cited, were this opinion extended to undue lengths, we deduce this guiding principle: That a verdict is not to be disturbed merely because it is small; if it is more than nominal, if it is substantial, it is to be sustained, even if, compared with other verdicts or with the injuries sustained, it seems inadequate. The rule does not permit the trial judge to substitute his judgment for that of the jury; he can and should interfere only when he is convinced that the verdict was influenced (1) by partiality, passion or prejudice, (2) or by some misconception of the law, or (3) the evidence.

But the learned counsel for plaintiff ably argues that this rule has been modified, or at least broadened, by Hammaker v. Watts Township, 71 Pa. Superior Ct. 554, and that, under that case, a new trial must be awarded. It must be conceded that the case does seem, on first blush, to depart from the trail blazed by the preceding authorities, and this perhaps accounts for the dissent by Judges Porter and Trexler. The case has been noticed, though not expressly approved, by the Supreme Court (Rice v. Erie R. R. Co., 271 Pa. 180, 183), and one judge, for whom we entertain profound esteem, felt "constrained to follow it" even when the jury awarded what he regarded as substantial damages: Bartholomew v. Longenbach, 20 Northamp. Co. Repr. 272.

But careful reading and analysis of the case does not produce the conviction that the rule has been materially altered. At least, we do not think that it requires us, as plaintiff argues, to award a new trial whenever the verdict, by its amount, shows that the jury failed to award adequate damages for every allowable element within the applicable measure of damage. In the Hammaker case, the jury awarded $27 for the death of a child, that being the exact amount of the funeral expense. No award was made, therefore, for the pecuniary loss sustained by the parents through the death. To that extent, the case is like the one at bar, except that there is a material difference in the amount of the expenses. Judge Keller, writing for the Superior Court, says that "the child, when killed, was healthy, bright and intelligent, and was beginning to be useful in helping her mother, and the parents were poor people, compelled to make use of the services of their children earlier than their well-to-do neighbors. The verdict of the jury established the culpable negligence of the defendant and that such negligence was the proximate cause of the child's death. The jury having so found, with the evidence of the child's age, good health, bright mental condition and helpful disposition before it, a verdict fixing the pecuniary value of the child's life at the amount expended for its burial is so unreasonable and disproportionate to the value of human life that we are convinced that it must have been influenced by partiality or prejudice, or by some misconception of the law or the evidence in

the case, and, in our opinion, the learned judge of the court below erred in the exercise of his judicial discretion in refusing a new trial."

But we do not understand the case to hold that in every case there must be an allowance of damages to cover the pecuniary loss sustained by death. Indeed, Judge Keller says that "it is not necessary to hold that there must be substantial damages allowed for the negligent death of a child in every case and under all circumstances. There may possibly be exceptional circumstances which may justify a jury in holding that parents are not entitled to more than nominal damages from a defendant who has killed a child through negligence and carelessness."

Necessarily, that negatives plaintiff's broad postulate that a jury's verdict must be set aside whenever it fails to compensate an injured party for every conceivable element of damage. The mere fact that the jury fails to allow every element is not enough; it must also appear that the amount is so small that a court cannot escape the inference that the jury was "influenced by partiality or prejudice or by some misconception of the law or the evidence of the case."

Moreover, in the Hammaker case, it appeared that there were grounds to support the inference that the jury had been influenced by some misconception of the law of the case. The children were killed when an oil tank wagon on which they were riding skidded over the unguarded bank of a public road. The negligence charged was the township's failure to erect a guard-rail. The trial judge submitted the question of defendant's negligence and of the parents' contributory negligence ("in allowing their children to be at large," page 557) to the jury. Concerning the charge, Judge Keller says: "The learned trial judge in his charge to the jury made a correct statement of the decisions of the Supreme Court on that subject, based upon cases where young children were killed or injured while wandering on railroad tracks, or by being struck by street-railway cars, or through other perils incident to the crowded streets or life of a city. It had, however, no application to this case. Instructions to a jury, even though made up of excerpts from the opinions of the Supreme Court, may be misleading if they are not applicable to the case being tried. The road in question was a public road in a sparsely-settled country district, not crossed nor traversed by a railroad, street-railway or other patent danger to pedestrians. A healthy, bright, intelligent child of nine years of age had as much right to walk on it as an adult, and to charge parents of such a child with culpable negligence for permitting it to do so would be to convict half our rural population of negligence, for nothing is more common than to see children of that age, and even younger, trudging the country roads while going to and returning from school. . . . The court should have charged the jury that if they believed the evidence as to the age and physical and mental condition of the children, their mother was not negligent in permitting them to walk on the public road to her sister's, nor was it negligence to send them on the errand upon which they went from there. While the verdict of the jury established the fact that the plaintiffs were not guilty of contributory negligence, the jury may have reduced the amount to nothing but the funeral expenses with some thought of the plaintiffs' contributory negligence in mind. The trial judge thought they had. It may well be that it was this misconception of the law and the evidence which was the occasion for their unconscionable verdict."

Thus, it seems that the real basis of the decision is a misconception of the law in the minds of the jury produced by that portion of the trial judge's charge which dealt with the question of contributory negligence. Hence, the

case is in line with the rule announced by Judge Rice and approved in so many cases which followed it. Besides, it fell within the doctrine of Bradwell *v.* Railway Co., 139 Pa. 404, where a personal injury verdict for six and a-quarter cents was set aside because "the verdict was a mere travesty of justice," and Spence *v.* Stockdale Borough, 57 Pa. Superior Ct. 622, where it was said that a like verdict was "so absurd as to compel the conclusion that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence."

Now, the case at bar is not at all like the Hammaker case. There was no misconception of the law in the minds of the jury; at least, there was none produced by the court, for plaintiff's counsel has assured us that the charge was free from error. The case was skillfully tried by the learned counsel on both sides, who had ample opportunity to develop their respective theories of the case. The witnesses were persons of intelligence and integrity, from all appearances, and we can think of nothing during the whole trial which would have created a misconception of the evidence. The jury was composed of three women and nine men; some had prior experience as jurors, and all were fair and honest persons. We are sure that none of them were, in fact, influenced by partiality or prejudice. Feeling sure that in fact they were not influenced by partiality or prejudice, are we, nevertheless, obliged to infer that they were influenced by partiality or prejudice merely because their verdict is smaller than it might have been?

Without undertaking to answer the query, we hold that the amount of the verdict does not permit us to infer that an improper influence operated upon the minds of the jurors. Plaintiff's husband was killed while crossing a street intersection. She charged that defendant drove his automobile in a negligent manner. Defendant denied the negligence and contended that plaintiff's husband came to his death because of the negligent manner in which he crossed the street. There was sufficient evidence to sustain a verdict either way. In fact, the evidence produced a sharp and decisive conflict and left us, as it must have left the jury, in a state of considerable doubt. Possibly, the fairest statement that can be made of the testimony is that it established defendant's negligence and left open the question of the contributory negligence. Concerning the contributory negligence, it might fairly be said that the evidence preponderated in favor of defendant. In fine, had the jury rendered a verdict for defendant, we should not have been able to set it aside. If, then, in these circumstances, the jury, convinced that defendant was culpable to some extent and being in doubt whether plaintiff's husband contributed to the injury, awarded plaintiff the funeral expenses and ignored all other items of damages, are we required to set aside the verdict? Are we obliged to infer that improper motives actuated the jury? We think not, and in refusing her application we believe we are conferring a real benefit upon her. It is possible, and in fact probable, that a second jury might find a verdict for defendant. What Judge Hassler so well said in Stetler *v.* Bair, 8 D. & C. 204, 206, may be appropriately repeated here: "The verdict, after considering the whole case, in our opinion, was found for plaintiff, even though the damages were placed at a very small figure, because of sympathy for her and not because the weight of the evidence justified it." Another jury, impressed by defendant's proof, may not be as sympathetic as the first jury.

Now, March 14, 1927, the motion for a new trial is overruled and discharged.

From Edwin L. Kohler, Allentown, Pa.