## Bachman v. Covington

*Charles M. Bolich* and *Robert E. Bittner*, for plaintiff.
*Gene D. Smith*, for defendant.

HENNINGER, J., May 22, 1939.—In this case, plaintiff, a pedestrian upon State Highway Route No. 22, was struck and injured at night by an automobile driven by defendant. He spent over two weeks in the Allentown Hospital, for which he proved a bill of $86 and also claimed for loss of wages, pain and suffering, and for disability.

The jury returned a verdict in plaintiff's favor for $1, whereupon he filed a motion for a new trial based upon the inadequacy of the verdict.

Counsel for defendant is to be congratulated upon his diligence in finding the only cases in Pennsylvania which sustain his position: King v. Consolidated Traction Co.,

50 Pitts. 138; Martz v. Traction Co., 14 Pa. Superior Ct. 90; Peabody v. Traction Co., 14 Pa. Superior Ct. 94. The last two cases arose out of the same accident and the Superior Court upheld verdicts of 6¼ cents in each case. The court held that in the absence of an allegation of error in regard to the charge of the court as to the question of damages, he had no standing to question the amount of the verdict. These cases have been cited only once and that is in the King case, which relies upon them for authority.

As opposed to those cases, there is an abundance of authority to the effect that if a verdict establishes a defendant's liability, and is for nominal damages only, such a verdict is inadequate and that such inadequacy is cause for the granting of a new trial: Schwartz v. Jaffe et al., 324 Pa. 324; Harrison v. Goldstein, 91 Pa. Superior Ct. 538; Murray et ux. v. Hoffman, 115 Pa. Superior Ct. 148; Small et al. v. Morgan, 129 Pa. Superior Ct. 41.

In fact, it is not only the privilege but the duty of the court to grant a new trial in such case and its refusal to do so is cause for reversal by the appellate courts: Bradwell v. Pittsburgh, etc., Ry. Co., 139 Pa. 404; Spence v. Stockdale Borough, 57 Pa. Superior Ct. 622.

As pointed out in the opinion in Spence v. Stockdale Borough, supra, in reversing the lower court's refusal to grant a new trial upon the rendition of a nominal verdict, the only occasion when a nominal verdict will stand would be where a substantial verdict would have been so clearly against the preponderance of testimony that the court, in the exercise of a sound discretion, ought to set it aside. That was not the case here and, therefore, plaintiff is entitled to a new trial.

And now, May 22, 1939, plaintiff's motion for a new trial is granted and his rule therefor made absolute, and it is ordered and decreed that the verdict heretofore rendered in above-captioned action be set aside and a new trial is hereby granted.