## Bloomingdale, Appellant, *v.* Victor.

*Sheriff's interpleader—Title must be proved.*

The claimant in a feigned issue under the sheriff's interpleader act must prove title to the goods; it is not sufficient to show mere possession.

Argued Jan. 29, 1892.    Appeal, No. 21, Jan. T., 1892, from judgment of nonsuit of C. P. No. 2, Phila. Co.    Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue under sheriff's interpleader act.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Richard C. Dole, John C. Bullitt* with him, for appellant.— Possession of chattels is always evidence of ownership: Dick v. Cooper, 24 Pa. 217 ; Entriken v. Brown, 32 Pa. 364 ; Townsend v. Kerns, 2 Watts. 180.

*W. A. Manderson,* for appellees.—The plaintiff must prove title : Lafferty v. Cormick, 1 W. N. C. 267 ; Tremont Coal Co. v. Manly, 60 Pa. 384 ; Conklin v. Sayers, 1 T. & H. Prac. § 1142 ; Rush v. Vought, 55 Pa. 437 ; Green v. Rogers, 2 C. & K. 148.

PER CURIAM, February 8, 1892.

This was a feigned issue, under the sheriff's interpleader act, in which the appellant was the claimant.    He testified that he was the owner of the storehouse No. 332 Market street, at the time of the levy; that the firm, of which he was a member, occupied the third story of the building, and that the goods levied upon were in that room.    He further testified: " They were in my storehouse, 332 Market street, among other goods belonging to Bloomingdale & Co.    These goods were separate. They were under my control, just as the other goods were. Of course, I had my boy there to take care of them.    These goods were entirely under my control."

There was no evidence beyond this of his ownership of the goods, and this the court below did not think sufficient to establish title in an interpleader case.    In this we think the

learned court was right.   Having taken the goods out of the hands of the sheriff under a claim of title, it was not enough to show a mere possession.   The onus was upon the claimant to prove ownership, and mere possession, without more, was not sufficient for that purpose.   For anything that appears, his possession did not entitle him even to a lien upon the goods. We think the appellant was properly nonsuited.

Judgment affirmed.