## Tyndale Palmer, Appellant, *v.* The Leader Publishing Co.

*Libel—Nominal damage—Measure of damages.*

Where the jury has been properly instructed as to the limitations and measure of damages, it is not cause for reversal that they award merely nominal damages.

*Practice, Superior Court—New trial—Nominal damages.*

The power to grant a new trial because of the inadequacy as well as the excessiveness, of the damages allowed by the jury is undisputed, but this power is much more rarely exercised in the former than in the latter case, and if such caution is properly exercisible by the trial court, much more cautiously should an appellate court proceed where the trial court, after a conscientious review of the case, has refused to set aside the verdict.

Argued April 25, 1898.    Appeal, No. 154, April T., 1898, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1893, No. 274, on verdict for plaintiff.    Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Trespass for libel.    Before STOWE, P. J.

It appears from the evidence that a publication charged the plaintiff with bad faith, falsehood, breach of trust, and the theft from his employers of almost half a million dollars, and with being a fugitive from justice.    The plaintiff did not go upon the stand nor give any evidence except to prove the publication and the circulation of the newspaper.

At the trial the plaintiff's character and standing were not attacked and there was no evidence before the jury by way of justification or mitigation of damages.

The court below charged the jury as follows:

Without undertaking to define what a libel is, we say to you that this article as read to you and as published by the defendant is clearly and distinctly a libel of a very gross character. We say to you further that the defendant has shown no excuse or justification under the evidence for publishing that article, and therefore it is your duty to render a verdict for the plaintiff against the defendant.    [The amount of the verdict to be so

rendered of course is a matter for yourselves.   Under the evidence in the case it may be, as suggested by counsel, from what is called nominal damages, six and a fourth cents, up to any reasonable amount that you think just and proper under the circumstances.] [5]

The plaintiff is entitled to recover a verdict.   The first matter he is entitled to recover for is compensation.   There is no direct proof given, nor is there any required in cases of this kind, of the actual money lost by the injury done him by the publication of the libelous article.   It is sufficient for him to do as the plaintiff did here, read the libelous article to the jury and then rest.   It then devolves upon the defendant to show some reason or excuse or justification for the publication of the article.   The truth is always in a civil suit a justification. Under some circumstances there may be other defenses; as for instance where it is proper for public information, and where it is an honest and truthful statement, or where there is probable cause, although it may really turn out not to be true. That is justification, or an excuse, at least.   We have nothing of that kind here.

The plaintiff is entitled, then, to recover what we call compensation, and that is what the jury may reasonably believe to be a direct compensation by way of payment to him for his lacerated feelings, for the outrage that he has sustained, for the injury that may have been done him, taking it in an ordinarily broad view, by the publication of the article in his business relations, and any and all natural results which would affect him personally arising out of the publication of this article.   And then you have a right to go further.   You have a right to take into consideration the character of the article, and if you deem it proper you have a right to impose what are called punitive damages, that is, damages by way of punishment for the purpose of teaching the editors of newspapers that they must not trifle, without good cause, or without justification or excuse, with the reputation and character of others, and for the purpose of preventing a repetition of this sort of thing.   Those two elements, in a general way, make up that which should be the foundation of your verdict, and having by your combined judgment come to a conclusion with reference to that matter, it is your duty to render a verdict for that amount.

The case is submitted to you.

The jury found a verdict in favor of the plaintiff for six and a quarter cents. Plaintiff appealed.

*Errors assigned* among others were (1) the verdict was grossly inadequate. (5) To a portion of the general charge, reciting same.

*Samuel J. Graham*, for appellant.—A nominal verdict simply declares that the charges were false, but equally declares that the plaintiff had no character to lose : Sanderson v. Caldwell, 45 N. Y. 398.

A slur is left upon the character of the plaintiff (Stitzell v. Reynolds, 67 Pa. 54), and the result is a denial of justice.

The right of every man to have his good name maintained unimpaired, is a right absolute and good against all the world : Collins v. Dispatch Co., 152 Pa. 187.

The damages ought to be such as to vindicate and compensate the injury sustained, and not so low as to leave a slur on the plaintiff's character : Stitzell v. Reynolds, 67 Pa. 54. See also Whittemore v. Weiss, 33 Mich. 348; Matthews v. Beach, 5 Sand. (N. Y.) 256; Cottrill v. Cramer, 59 Wis. 232; Steketee v. Kimm, 48 Mich. 322.

This charge we submit was erroneous in three particulars :

1. It was not a case for nominal damages, as already seen.

2. It directed the minds of the jury to a specific amount, and that in favor of one of the parties, the defendant. The evil effect of this might perhaps have been cured had the charge been, " You can give any amount from six and a quarter cents up to the amount claimed, $50,000," or, " You can give any amount from nominal damages upward to any amount not exceeding the amount claimed."

3. It conveyed to the jury what might be, and evidently was, mistaken by them as an intimation of what was in the court's mind as a proper verdict in the case. This was conveyed by dwelling so much upon the point of nominal damages while no such specific attention was given to the question of substantial damages.

*W. B. Rodgers*, for appellee.—The plaintiff was entitled to a verdict, and received one, but as he gave the jury no infor-

mation enabling them intelligently to assess his compensation, he should not now complain that the jury did not guess as to that.

OPINION BY RICE, P. J., July 29, 1898:

Even if no evidence be offered by the plaintiff, as to damages, it is undoubtedly true that the jury are in no way bound to give nominal damages only; they may read the libel, and give such substantial damages as will compensate the plaintiff for such defamation: Odgers on Libel and Slander, *293. But we know of no rule of law which forbids them to give nominal damages only where there is no evidence of actual malice and no evidence of actual injury to the plaintiff in his business or social relations, or otherwise, to guide the jury in estimating his damages. An award of nominal damages for a publication libelous per se is not necessarily absurd; nor does such an award, under the circumstances of the present case, necessarily imply any reflection upon the character or reputation of the plaintiff. It implies no more than that in view of all the circumstances including the evidence as to the community or section of the country where the newspaper circulated and the absence of evidence that the plaintiff resided or had business or social relations therein the jury were unable to find from the evidence that he suffered actual damages from the publication. This was for them to decide, and if there is no rule of law which compelled them to render a verdict for actual damages when they were unable to find that any had been sustained it was not reversible error for the court to instruct them that it was within their power to award any sum from six and a fourth cents, up to any reasonable amount that they might think just and proper under the circumstances. At all events this is true where this general instruction as to the power of the jury was accompanied by such specific instructions as follow: " The plaintiff is entitled then to recover what we call compensation, and that is what the jury may reasonably believe to be a direct compensation by way of payment to him for his lacerated feelings, for the outrage that he has sustained, for the injury that may have been done him, taking it in an ordinarily broad view, by the publication of the article in his business relations, and any and all natural results which would affect him personally arising out of the publication of this

article. And then you have a right to go further. You have a right to take into consideration the character of the article, and if you deem it proper you have a right to impose what are called punitive damages, that is, damages by way of punishment for the purpose of teaching the editors of newspapers that they must not trifle, without good cause, or without justification or excuse, with the reputation and character of others, and for the purpose of preventing a repetition of this sort of thing. Those two elements, in a general way, make up that which should be the foundation of your verdict, and having by your combined judgment come to a conclusion with reference to that matter, it is your duty to render a verdict for that amount." When the charge is read as a connected whole it is utterly unreasonable to assume the possibility of the jury construing the remark particularly complained of as an intimation even, that, in the opinion of the court, this was a proper case for a verdict for nominal damages only. As the learned judge says in discharging the rule for new trial, the jury were told, in effect, that under any aspect of the case they must render a verdict for the plaintiff for at least nominal damages, but beyond that it was for them to say what should be allowed by way of compensation or punishment; either or both. No particular instructions as to the measure of damages having been asked for, we are of opinion that the plaintiff has no just reason to complain of the instructions given, taken as a whole. The whole matter was left to the jury to decide, as it ought to have been, and if they erred it is altogether probable it was because the plaintiff did not give them all the evidence to guide them that he might have furnished. The fifth and sixth specifications of error are overruled.

The power to grant a new trial because of the inadequacy, as well as the excessiveness, of the damages allowed by the jury is undisputed, but this power is much more rarely exercised in the former than in the latter case. If such caution is properly exercisible by the trial court, much more cautiously should an appellate court proceed where the trial court, after a conscientious review of the case, has refused to set aside the verdict. No mere difference of opinion, nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some

misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture. Conceding that the refusal of a new trial may be assigned for error in clear cases of abuse of discretion, we are unable to conclude that this is such a case. The reasons assigned in the opinion of the court below for its action are sufficient to prevent such a conclusioh, and no good purpose would be served by mere repetition or amplification of them.

All the specifications of error are overruled, and the judgment is affirmed.