# Woodward v. Consolidated Traction Company.

*Negligence—Damages—Review of discretion of lower court—New trial.*

The appellate courts have power to review the discretionary act of the trial court in refusing to grant a new trial because of the alleged inadequacy of the verdict, but this power is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied.

No mere difference of opinion, nothing short of a clear conviction compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages, where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture.

The appellate court will not review the act of a trial court in refusing to grant a new trial in an accident case on account of inadequacy of the verdict, where it appears that the verdict was substantial and not merely nominal, that the plaintiff, a boy, thirteen years old, was badly hurt, was disfigured, suffered much pain and underwent several operations, that

some of his minor injuries were permanent, that he was confined to his bed for about a month, and did not return to his school for about three months.

*Negligence—Street railways—Contributory negligence—Evidence—Appeals.*

In an action to recover damages for personal injuries resulting from the negligence of defendant, where the verdict is in favor of the plaintiff, the exclusion of evidence which tended to show the defendant's negligence, and instructions to the effect that the plaintiff was of sufficient age and maturity to be guilty of contributory negligence, are not properly assignable, as error, inasmuch as the verdict has settled both questions in the plaintiff's favor.

Argued May 8, 1901. Appeal, No. 152, April T., 1901, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1897, No. 206, on verdict for plaintiff in case of Marcus Woodward, by his next friend, M. A. Woodward, v. The Consolidated Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STOWE, P. J.

At the trial it appeared that on October 7, 1896, Marcus Woodward, the plaintiff, then a boy between thirteen and fourteen years of age, was seriously and permanently injured by a street car of defendant company. The evidence showed that the car was run at a very high rate of speed.

Plaintiff's counsel made the following order:

We offer to show that there was quite a number of boys, from thirty to sixty, dismissed from the school precisely at this hour every day, and they crossed Ellsworth avenue precisely at the place, or substantially at the place where the boy was hurt. This for the purpose of showing that the persons in charge of the street cars had reason to expect a gathering of boys at this particular time, and it was their duty to run carefully and slowly.

Objected to as incompetent and immaterial. Objection sustained and bill sealed for plaintiff. [5]

The court charged in part as follows:

[He knew this car was there; he knew this track was there; he knew the cars were running backward and forward; he was

a boy of ordinary discretion, and certainly knew enough at least to know that if he went across and was struck by the car the consequences would be dangerous. And therefore we can see nothing in this case that would relieve him from the same rule that would apply to you or any other man of mature age. So you will treat this case as though he had the ordinary capacity, and was bound to exercise the ordinary care that a man of mature age and ordinary discretion would use, and then pass upon the question of his prudence with reference to that fact.] [6]

The jury returned a verdict in favor of the plaintiff for $750.

The plaintiff moved for a new trial, mainly on the ground that the verdict was inadequate, and that the charge of the court was so hostile to the plaintiff as to seriously prejudice his case before the jury.

The court refused a new trial, and entered judgment on the verdict.

*Errors assigned* were (2) refusal of new trial. (5) Ruling on evidence, quoting the bill of exception. (6) Portion of charge as above, quoting it.

*J. M. Stoner* and *W. B. Rodgers*, with them *M. A. Woodward* for appellant.—This court has the power and authority, under the Act of assembly of May 20, 1891, P. L. 101, to review the action of the court below in its refusal to give the plaintiff relief from an unreasonable and unjust verdict and judgment: Smith v. Times Publishing Co., 178 Pa. 481.

There is no conflicting evidence whatever as to the terrible injuries of the plaintiff, and that he received permanent injuries which must seriously affect his whole life. Yet the verdict given is only $750, an amount not compensating, but discouraging, any attempt to seek justice by a trial in court. The verdict, however, establishes the fact of the defendant's negligence and the right of recovery. It forbids any question of doubt, sometimes suggested to the courts, in arguments opposing a new trial, where the verdict was merely nominal.

In Bradwell v. Pittsburg, etc., Pass. Railway Co., 139 Pa. 413, it was said : " In finding for the plaintiff the jury must have reached the conclusion that his injuries were caused by the defendant company's negligence, and that he himself was not

guilty of any negligence contributing thereto.    Under these circumstances he was entitled, as a matter of right, to have the jury pass fairly on the question of damages, and by their verdict award him such sums as under the evidence, he was entitled to."

And the Supreme Court pronounced that verdict "a mere travesty of justice," and this verdict can only be fitly characterized by the same language.

*E. W. Smith*, with him *Knox & Reed* and *J. H. Beal*, for appellee, cited : Martz v. Consolidated Traction Co., 14 Pa. Superior Ct. 90 ; Peabody v. Consolidated Traction Co., 14 Pa. Superior Ct. 94; Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 594; Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 182.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901 :

This action is brought for damages for personal injuries resulting from being struck by an electric car of the defendant company.    The appellant in his statement of the question involved thus puts his case: " This appeal is for a review and reversal of the action of the court below in refusing a new trial where the verdict for the appellant of $750 for great and permanent injuries, caused by the defendants' negligence, is excessively low and grossly inadequate."

We are thus asked to review the discretionary act of the trial court in refusing to grant a new trial because of the alleged inadequacy of the verdict.    There is no doubt that we have the power to do this : Smith v. Times Publishing Co., 178 Pa. 481.    It would be presumption to discuss a matter which has been already so adequately reviewed in all of its bearings by the justices of the Supreme Court in the case cited.    The power of the trial court to grant a new trial on such a ground is also undisputed.    It is, however, always to be exercised with caution.    If this be true of the trial court, it is pre-eminently true of the appellate court.    It is a power " exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied : " Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 185.    In Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 598, the president judge of this court has said: " No mere difference

of opinion, nothing short of a clear conviction compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture." It is impossible for the writer of this opinion to improve upon this language. It has direct application to the present case.

The evidence shows indubitably that the boy, in whose favor the verdict has been rendered, was badly hurt. He was disfigured. He suffered much pain and underwent several operations. Some of his minor injuries are said to be permanent. He was confined to his bed for about a month and did not return to his school for about three months. There was no item for actual expenses in the claim, since the action was by the boy and not by his father. We have thus only the items of pain and suffering and the results of the injury. For these some tribunal must fix an amount which shall be by it regarded as compensation. The tribunal which has long and satisfactorily passed upon such matters, is the jury. The amounts recovered in the numberless cases are as various as the constituents of the tribunals themselves, which convene for the particular cases and then disappear. No one has found a satisfactory substitute for this method of assessing damages. Least of all is it to be expected that the province of this tribunal of facts and figures is to be entrenched upon by giving to judges the determination of the amounts recoverable.

It is to be remarked that the sum of $750 is substantial, not merely nominal. It is not so small as to be totally absurd or illogical, as in Bradwell v. Pittsburg, etc., Pass. Ry. Co., 139 Pa. 404. Possibly in the case of some boys it might be regarded as adequate in view of their circumstances and prospects. It may be that in the case of a son of a distinguished lawyer, the verdict seems small. It may be that had we sat as jurors we could have concurred in a larger verdict in this case. It may be that some courts would have had difficulty in allowing the case to go to

the jury in view of the charge of contributory negligence upon the facts shown. We are, however, dealing with a definite finding, not with possibilities. We have read the testimony. We have examined the charge with care. Conceding, for the purposes of discussion that the verdict is inadequate, we can find nothing upon which to lay a finger and say, here was a cause for the verdict which indicates that the jury were influenced by partiality, passion or prejudice. We find nothing in the charge or in the verdict which indicates a misconception of the law or of the evidence, either by the court or by the jury, or of which we can say that it furnishes the cause for a wholly inadequate verdict. There is no standard by which to measure compensation for physical injury and suffering. The jury must determine what is compensation. The court below in its discretion controls only verdicts extremely inadequate or grossly excessive. We are unanimously of opinion that no abuse of discretion appears to have been committed in refusing a new trial.

This disposes of all the assignments but two. The fifth complains that the testimony was excluded showing that the defendants and their agents had knowledge that a number of boys were likely to be on the road at the time of the passing of this particular car. This bore wholly on the question of the defendants' negligence. The jury have found the fact of negligence, hence the appellant was not injured if error was committed. Furthermore, the fact excluded was subsequently brought to the attention of the jury by the testimony of the witness for the defendants. The sixth assignment complains that the court below charged that the plaintiff was sufficiently mature to be required to exercise the same degree of care as the ordinary adult. This goes to the question of contributory negligence which the jury have found in favor of the plaintiff. We find here no cause for reversal.

The judgment is affirmed.