# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Chestnut, Appellant, v. Autocar Company.

*Appeals—New trials—Discretion of lower court—Inadequacy of damages.*

1. No mere difference of opinion, nothing short of a clear conviction compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice, or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of abuse of discretion in refusing a new trial for inadequacy of damages, where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, amd the jury had no other guide in arriving at the amount to be awarded but pure conjecture.

2. Where in an action for personal injuries, the charge of the trial judge on the subject of damages is full, clear and adequate and is not complained of, the appellate court will not consider excerpts from the charge relating to the subject of negligence and contributory negligence as grounds for reversing the judgment and granting a new trial, where it appears from the charge as a whole and the context immediately connected with the excerpts, that such excerpts could not have influenced the jury on the question of damages.

3. Where in an action to recover damages for injuries to plaintiff's hand the verdict is for $300 for the plaintiff, a minor, and $75.00 for his father, the appellate court will not grant a new trial on the mere ground that the trial court had abused its discretion in refusing a new trial.

Argued Dec. 4, 1912. Appeal, No. 123, Oct. T., 1912, by plaintiffs, from judgment of C. P. Montgomery Co., Oct.,

2    CHESTNUT, Appellant, *v.* AUTOCAR CO.

Statement of Facts—Opinion of the Court.    [53 Pa. Superior Ct.

Term, 1911, No. 142, on verdict for plaintiffs in case of William Chestnut, by his next friend and father, Samuel Chestnut, and Samuel Chestnut in his own right v. The Autocar Company.    Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before SWARTZ, P. J.

At the trial it appeared that plaintiff was injured while working in and about an automobile and lost a thumb and finger of his right hand.

Verdict and judgment for plaintiff for $300, and for plaintiff's father for $75.00.    Plaintiffs appealed.

*Errors assigned* were (1, 2) excerpts from charge, quoted in the opinion of the Superior Court; and (3) in discharging plaintiffs' motion for a new trial.

*Frank J. Bradley, M. T. McManus, Harry D. Wescott* and *John W. Wescott,* for appellants.

*Franklin L. Wright,* with him *Charles T. Larzelere* and *Nicholas H. Larzelere,* for appellee.

PER CURIAM, February 27, 1913:

It is well settled that the power of the appellate courts of this state to grant a new trial upon the ground of excessiveness or inadequacy of damages awarded by the jury, is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied: Schenkel v. Pittsburg &. Birmingham Trac. Co., 194 Pa. 182; Neff v. Penna. R. R. Co., 202 Pa. 371; Stevenson v. Ebervale Coal Co., 203 Pa. 316; Stauffer v. Reading, 208 Pa. 436; Murtland v. English, 214 Pa. 325.    No mere difference of opinion, nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception

of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture: Palmer v. Leader Pub. Co., 7 Pa. Superior Ct. 594. The appellate court will be guided by the same principle in actions of tort for personal injuries resulting from negligence, where the legal measure of damages is compensation, which in the nature of things is not capable of exact measurement, but at the best must be but an approximation: Woodward v. Consolidated Trac. Co., 17 Pa. Superior Ct. 576. While the amount awarded as damages in this case is small as compared with many other verdicts for similar injuries which have been rendered, it is not a nominal but a substantial sum. It is not so small as to be plainly absurd, as was the case in Bradwell v. Pittsburg, etc., Railway Co., 139 Pa. 404, or to justify us in concluding, contrary to the deliberate and carefully considered judgment of the trial judge, who had better opportunities for passing on the question, that it was induced by partiality, passion, or prejudice.

But it is argued that there was error in the charge, which may have induced the smallness of the verdict, and, in support of this contention, two excerpts are quoted in the assignments of error. These portions of the charge do not relate in any degree to the measure of damages. The charge upon that subject was full, clear, and adequate, and is not complained of. Inasmuch as the jury found for the plaintiff, thus implying by their verdict that the defendant was guilty of negligence and the plaintiff was not guilty of contributory negligence, it is difficult to see how the court's instruction upon those subjects, even if not strictly accurate, could have harmed the plaintiff. But we go further, and hold that, when the instructions quoted in these assignments are considered

in connection with the immediate context that qualified and explained them, they contain no error of which the plaintiff can justly complain. We cannot better state our own reasons for this conclusion than by quoting from the opinion of the learned trial judge overruling the motion for a new trial. "The plaintiffs ask for a new trial, because of the small verdicts. They contend that the alleged inadequate amounts were due, in part, to our instruction, that, to oil a machine while in motion under the facts disclosed, was negligence. What we said was this: 'Well, I charge you, that here were two ways of doing this work, the one perfectly safe, if the machinery was at rest, and the other attended with more or less danger. Therefore, I charge you that if anyone oiled this machine in motion, when he could have done it just as well, and perhaps better, at rest, he was taking a risk that he should not have taken. He was engaged in doing a negligent act.' Of course, if this instruction had not been fully explained and modified, under the special facts, the verdict would have been for the defendant. We were speaking of a person of ordinary care and prudence, who had full knowledge of the nature of the risk and took his chances: Valjago v. Carnegie Steel Co., 226 Pa. 514; Solt v. Williamsport Radiator Co., 231 Pa. 585. The jury could not have misapprehended our instruction, for the words cited from the charge were immediately followed by the instruction: 'Therefore in this case the plaintiff cannot recover unless you find that by reason of his age, inexperience or other causes, it was necessary that he should have been instructed as to the manner in which the work was to be done.' This was followed by an elaborate explanation as to the law under our submission to the jury whether instruction was required, and if so, whether the instruction was adequate. That the general proposition laid down by us is sound, we think, cannot be questioned. The danger was so apparent to a man of ordinary care, prudence, knowledge and experience, that it would be a clear case of negligence

to attempt to oil this machinery when in motion. 'But to do an act necessary to the performance of the duties of one's employment, in a way which is obviously dangerous, when one can perform the act in another way, known to him, which is reasonably safe, is contributory negligence which will bar a recovery, even though the employer may have been negligent in not complying with the requirements of a statute:' Solt v. Williamsport Radiator Co., 231 Pa. 585."

Notwithstanding the able and earnest argument of appellants' counsel to the contrary, we are of opinion that this is a correct and adequate answer to the complaints raised by the first and second assignments. When the charge is considered as a whole, and it is considered further that all of the plaintiffs' points were practically affirmed, also that the verdict was in the plaintiffs' favor, it becomes quite clear that the jury could not have misapprehended the charge to the plaintiffs' injury.

The assignments of error are overruled and the judgment is affirmed.