## Jones, Appellant, *v.* Pennsylvania Company.

*Negligence—Damages—Inadequacy of verdict—Discretion of court.*

Where the plaintiff has recovered a verdict from a railroad company in the sum of one thousand dollars as damages for personal injuries sustained while alighting from a train, the appellate court will not review the discretion of the trial court in refusing a new trial, although the amount of the verdict may appear small in comparison to the injury sustained by the plaintiff.

Argued April 28, 1915. Appeal, No. 177, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 1280, on verdict for plaintiff in case of Sarah M. Jones v. Pennsylvania Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The opinion of the Superior Court states the case. See also Jones v. Pennsylvania Company, appellant, supra.

*Error assigned,* among others, was in refusing new trial.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

The facts appear in the preceding case in which the defendant company was the appellant. The plaintiff has also appealed, alleging that the verdict was inadequate. The verdict given by the jury of $1,000 might appear small in comparison to the injury sustained by the plaintiff, but the refusal of a new trial was within the discretion of the court. In Chestnut v. Auto Car Co., 53 Pa. Superior Ct. 1, this court said, "It is well settled that the power of the appellate courts of this State to grant a new trial upon the ground of excessiveness or inadequacy of damages awarded by the jury, is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied: Schenkel v. Pittsburgh & Birmingham Trac. Co., 194 Pa. 182; Neff v. Penna. R. R. Co., 202 Pa. 371; Stevenson v. Ebervale Coal Co., 203 Pa. 316; Stauffer v. Reading, 208 Pa. 436; Murtland v. English, 214 Pa. 325. "No mere difference of opinion, nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of abuse of discretion in refusing a new trial for inadequacy of damages: Palmer v. Leader Pub. Co., 7 Pa. Superior Ct. 594." The appellate court will be guided by the same principle in actions of tort for personal injuries resulting from negligence, where the legal measure of damages is compensation, which in the nature of things is not capable of exact measurement, but at the best must be but an approximation: Woodward v. Consolidated Trac. Co., 17

Pa. Superior Ct. 576. While the amount awarded as damages in this case is small as compared with any other verdicts for similar injuries which have been rendered, it is not a nominal but a substantial sum.

The other assignments are in regard to testimony which was offered to show the negligence of the defendant company. As the verdict of the jury is predicated necessarily upon the negligence of the railroad company, no harm was done to the plaintiff by the exclusion of this testimony. If the testimony had gone to the amount of damages, of course, a different question would present itself.

The judgment is affirmed. The costs of this appeal to be paid by appellant.