## Remaley *v.* Gregg, Appellant.

*Sheriff's interpleader—Execution—Evidence.*

On the trial of a feigned issue in a sheriff's interpleader to determine the ownership of three horses, a sled and a set of harness, levied upon as the property of the defendant in an execution, a verdict and judgment for the claimant will be sustained where the evidence tends to show that the property in question was in the possession of the defendant in the execution who was merely a teamster of the claimant, that he had no interest in the property, and that he had originally bought the horses for the claimant at a sale.

Argued April 18, 1916. Appeal, No. 79, April T., 1916, by defendant, from judgment of C. P. Westmoreland Co., fi. fa. No. 6, on verdict for plaintiff in case of Chalmers Remaley v. J. N. Gregg. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Feigned issue to determine the ownership of three horses, a sled and a set of harness taken in execution as the property of Walter Grandison. Before DOTY, P. J.

At the trial the evidence tended to show that Grandison had purchased the property for the claimant at a sale, and that he had possession at the time of the levy merely as a teamster of Remaley.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various instructions.

*Carroll Caruthers,* with him *Adam B. Shaffer,* for appellant.

*Chas. C. Crowell,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

The claimant in a feigned issue, under the sheriff's interpleader act, must prove title to the goods.    It is not sufficient to show mere possession: Bloomingdale v. Victor, 147 Pa. 371.    The claimant in the case at bar submitted evidence which was sufficient to warrant a jury in finding that he did not derive title from or through the defendant in the execution, or that there had been a conditional sale to the defendant in the execution.    The trial court, in its charge to the jury, stated the law covering the case fully, and though the evidence was to some extent contradictory it was a question of fact for them to decide.    In refusing to grant a new trial the court did not abuse its discretion: Woodward v. Consolidated Traction Co., 17 Pa. Superior Ct. 576.

The assignments of error are overruled and the judgment is affirmed.