## Love *v.* Tioga Trust Company, Appellant.

*Banks and banking—Dishonor of check—Excessive verdict—Appeals.*

Where a plaintiff has recovered a verdict in the sum of five hundred ($500) dollars, as damages for imputation on his financial credit, because of the failure of a bank to honor his check, the appellate court will not review the discretion of the trial court in refusing a new trial, although the amount of the verdict may appear large in comparison to the injury sustained.

Argued Oct. 10, 1918. Appeal, No. 143, Oct. Term, 1918, by defendant, from judgment of Municipal Court of Philadelphia, May Term, 1916, No. 462, on verdict for plaintiff in case of Max Love *v.* Tioga Trust Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for dishonoring a check. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for five hundred ($500) dollars and judgment thereon. Defendant appealed.

280    LOVE v. TIOGA TRUST CO., Appellant.

Assignment of Error—Opinion of the Court. [71 Pa. Superior Ct.
*Error assigned* was refusal to grant a new trial.

*Harvey McCourt*, and with him *Frank A. McManus* and *Charles E. Beury*, for appellant.—The defendant was entitled to a new trial: Bradican v. Scranton Railway Co., 260 Pa. 555; Maloy v. Rosenbaum Co., 260 Pa. 466; Spearing v. Whitney Central National Bank, 56 So. Southern Reporter 548; Patterson v. Bank, 130 Pa. 419; Nadel v. Peoples Bank, 66 Pa. Superior Ct. 396.

*F. Carroll Fow*, for appellee, cited: White v. Columbia and Montour Electric Railway Co., 215 Pa. 462; Jones v. Pennsylvania Company, 60 Pa. Superior Ct. 438; Weiner v. North Penn Bank, 65 Pa. Superior Ct. 290.

OPINION BY HEAD, J., March 12, 1919:

The single assignment of error complains of the refusal of the learned court below to set aside a verdict in favor of the plaintiff and award a new trial. It should hardly be necessary to say, at this late day, that in the matter of awarding a new trial the learned court below is invested with a wide discretion which does not reside in the appellate courts. It is true that in exceptional cases such court may set aside a verdict and grant a new trial and the power has been exercised where the ends of justice plainly demanded it should become operative. The circumstances and conditions under which an appellate court will be moved to such action are well stated by our Brother TREXLER in Jones v. Pennsylvania Company, 60 Pa. Superior Ct. 438. We need not repeat here what was there so well said. This case is one of the class to which belong Weiner v. North Penn Bank, 65 Pa. Superior Ct. 290, and Nadel v. Peoples Bank, 66 ibid 396. In those cases we stated at considerable length the line of reasoning which would control the action of this court in appeals of that character.

In the present case, the defendant trust company, permitted the plaintiff to open a checking account under the name of "M. Love." It also permitted his brother to open a like account under the name of "A. Love." The accounts were small; the business evidenced by them was of like character and so it turned out that the defendant, by mistake, charged a check for twenty-one dollars drawn by "A. Love" to the account of "M. Love." This error resulted in making it appear that there were not sufficient funds to the credit of "M. Love" to warrant the bank in paying his check for forty-two dollars and payment thereof was, consequently, refused. To heal the wound caused by this breach of contract on the part of the bank and to recover the damages that would accomplish that result this suit was brought. The trial resulted in a verdict in favor of the plaintiff in the sum of five hundred dollars. The court below entered judgment on the verdict and we are now asked to reverse that judgment and award a new trial on the ground that the verdict was so manifestly and unconscionably excessive as to properly invoke the exercise of the exceptional power of this court heretofore referred to. There was some evidence adduced by the plaintiff tending to prove that the dishonor of his check had become known to others in the trade with whom he dealt and that his credit had suffered thereby. Under these circumstances, we are unable to grant the relief prayed for. We do not think the amount of the verdict brings it within the conditions set forth by our Brother TREXLER in the case cited.

Whilst verdicts of this size in cases of this class may bring about hardship, if not injustice to a defendant bank, it is easy to perceive a bank has within its own hands a very practical way of preventing such occurrences. It is easy to require of a man who seeks to open a checking account in a bank that he open the same and transact his business in his own name rather than under a letter of the alphabet which but signifies a name. Had

such a precaution been taken in this case, the mistake which brought about the verdict, could hardly have happened.

The assignment of error is overruled and, judgment affirmed.