## Bartholomew v. Longenbach.

*New trial—Inadequate verdict.*

Where the evidence as to a decedent's health and habits of sobriety and industry was undisputed, his expectancy of life was more than twenty-six years, and his earning capacity was shown to be between four and five dollars a day, and the funeral expenses were $269, a verdict of a jury for $500 is inadequate, and a new trial will be awarded.

Rule by plaintiff for new trial. C. P. Northampton Co., June T., 1925, No. 26.

*William H. Schneller,* for plaintiff; *Asher Seip,* for defendant.

STEWART, P. J., June 28, 1926.—This is a rule by plaintiff for a new trial on the ground that the verdict of the jury was grossly inadequate. The evidence showed that the decedent was a sober, industrious man in good health up to the time of his death; that he was a mechanic and farmer, and that he earned between four and five dollars a day. The Carlisle tables showed a life expectancy of twenty-six plus years. The evidence showed that the funeral expenses were $269. The verdict of the jury was $500. Necessarily, $231 was the amount allowed for the loss of the earning power of the decedent. Of course, the latter sum cannot be considered as nominal damages. It is substantial damages. The sole contention by the plaintiff is that the amount is inadequate. We examined this matter thoroughly in Laudenberger v. Easton

Bartholomew v. Longenbach.

Trans. Co., 16 Northamp. Co. Repr. 242, 27 D. R. 925, and discussed all the cases decided up to that time, Jan. 14, 1918. The verdict of the jury in that case was $3000. The same method of computation urged on us in the present case was used in that case. If that argument was sound, there being no denial by the defendant in this case of decedent's earning capacity and expectancy of life, the verdict would be between $30,000 and $40,000. We would unhesitatingly have set aside any such verdict as being excessive. The query in every case necessarily will be: How is the court to decide such a delicate matter? Is not the only safe rule to leave the amount above the sum fixed by actual proof of the amount of expenditures entirely to the jury, except as pointed out by President Judge Rice in Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 594, when he said: "No mere difference of opinion, nothing short of a clear conviction, compelled by the evidence that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages, where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the amount to be awarded but pure conjecture." However, it is true that the same judicial discretion ought to act equally when the verdict is inadequate as when it is excessive, and the court ought to have in mind the logic of the verdict, which excludes the element of contributory negligence. After a careful re-examination of the authorities, we are constrained to follow the late case of Hammaker v. Watts Township, 71 Pa. Superior Ct. 554. The syllabus of that case is as follows: "Where the evidence establishes the negligence of the defendant, and that such negligence was the proximate cause of a child's death, and there is ample evidence before the jury of her good health, bright mental condition, etc., a verdict fixing the pecuniary value of the child's life at the amount expended for its burial, is so unreasonable and disproportionate to the value of human life that it raises an inference that it must have been influenced by partiality, or prejudice, or some misconception of the law or the evidence. In such case, it is the duty of the trial judge, in the exercise of his judicial discretion, to award a new trial, and failure to do so constitutes reversible error." Judge Keller, in a very careful and elaborate opinion, reviews all the authorities, and his conclusion is that, where the jury places an absurdly low value on the decedent's earning power, it creates a case for judicial correction just the same as if the verdict were excessive. The learned counsel for the defendant has called our attention to the fact that the case of Hammaker v. Watts Township was really reversed for the error of the trial judge on the question of contributory negligence, and he argued that, if the case were free from that question, it would not have been reversed. We are unable to find in the report of the case just what the second assignment of error was, but we assume it was the refusal to grant a new trial, and that the remarks on the subject of contributory negligence were intended to preclude the idea that the Superior Court approved what had been said on that subject in the first trial. He also calls attention to the fact that the case was argued before five judges of the Superior Court and that two of them dissented. Nevertheless, the case stands for the latest deliverance of the Superior Court on the subject, and while the exact application of that case to future cases is not fixed or determined, we feel that it compels us to grant a new trial in the present case.

And now, June 28, 1926, rule for a new trial is made absolute.

From Henry D. Maxwell, Easton, Pa.