Richards, Appellant, *v*. Beaver Valley Traction Co.

Argued April 28, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Walter L. Dipple,* and with him *Ellis R. Defibaugh,* for appellant.

*Thompson Brodshaw,* for appellee.

PER CURIAM, July 14, 1932:

On the 30th day of May, 1929, in alighting from a street car the plaintiff was thrown back on the steps by the premature starting of the car.

She brought suit in trespass to recover damages, and a verdict in her favor in the sum of $400 resulted. She has taken an appeal alleging that the verdict is inadequate.

In the year 1925 she met with an accident, which left her permanently injured. Her first accident was very similar to the one for which she now claims compensation. She was still using a crutch when the second accident occurred.

There was testimony in the case that the injuries sued for were entirely a result of the first accident. There was testimony to show that the second accident aggravated her injuries. There was also some to the effect that this aggravation was only temporary.

It is very evident from a reading of the testimony that most of plaintiff's present ailments could be ascribed to her first accident. The jury evidently adopted the view that there was a temporary aggravation of her injuries. The sum of $400 would appear to be a fair verdict under such circumstances. There was surely no abuse of discretion by the court in refusing to grant a new trial on the plea that the above sum was inadequate. It was a mat-

ter entirely for the jury. "It is well settled that the power of the appellate courts of this state to grant a new trial upon the ground of excessiveness or inadequacy of damages awarded by the jury is exceptional in character and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied": Chestnut v. Auto Car Company, 53 Pa. Superior Ct. 1, and cases therein cited, Keown v. Bunton, 61 Pa. Superior Ct. 220.

The judgment is affirmed.