## Zamojc, Appellant, *v.* Fisher.

Argued April 22, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. J. Tannehill,* with him *Frank A. Rugh,* for appellant.

*Paul M. Robinson,* for appellee.

PER CURIAM, July 15, 1937:

The plaintiff, while walking with traffic on the Adamsburg road in Westmoreland County, was struck and injured by an automobile traveling in the same direction. He brought this action for damages, alleging that he was struck by a car driven by the defendant. The case was a close one. It was fairly tried and submitted to the jury in a charge to which plaintiff took no exception. He recovered a verdict of $300, on which judgment was entered. He has appealed from the order of the court below refusing a new trial which he sought because of the inadequacy of the verdict.

The verdict is small, having regard to the plaintiff's evidence as to his injuries and expenses in connection with them, but it is substantial and not merely nominal, as in *Bradwell v. Pittsburgh etc. Ry. Co.,* 139 Pa. 404, 20 A. 1046, where the verdict was for six and one-fourth cents. The amount of the verdict was not enough to reimburse plaintiff for his time lost from work because of the accident, according to his testimony, and for his medical and hospital expenses, without any allowance for pain and suffering. But the jury might well have found that the doctor's bill was padded, and it was for them to decide whether the injury he received required his absence from work for eighteen weeks.

The granting or refusal of a new trial because of the

inadequacy of the verdict is a matter peculiarly within the discretion of the trial court, and it is the rule in this State that an appellate court will not reverse the action of the court below unless the verdict is so unreasonable as to bring conviction that it was influenced by partiality or prejudice or some misconception of the law or the evidence in the case *(Hammaker v. Watts Twp.,* 71 Pa. Superior Ct. 554, 558), and establish a clear case of wrong and injustice in the court below: *Richards v. Beaver Valley Traction Co.,* 105 Pa. Superior Ct. 248, 161 A. 596; *Woodward v. Consolidated Traction Co.,* 17 Pa. Superior Ct. 576, 579; *Jones v. Penna. Co.,* 60 Pa. Superior Ct. 438; *Reno v. Shallenberger,* 8 Pa. Superior Ct. 436; *Chestnut v. Autocar Co.,* 53 Pa. Superior Ct. 1. See also, *First Nat. Bank of Pittston v. Monarch Fire Ins. Co.,* 123 Pa. Superior Ct. 298, 308, 187 A. 69; *Saxman v. U. S. Fire Ins. Co.,* 317 Pa. 13, 14, 175 A. 394.

Plaintiff's able counsel presented an earnest and diligent argument on his behalf, but, after giving it due consideration, we are not convinced that the verdict is so inadequate as to work certain injustice to the plaintiff and require us to hold the court below guilty of a clear abuse of discretion in refusing a new trial.

The order is affirmed.