Stevens et al., Appellants, *v.* Frank et al.

Argued December 14, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Horace E. Smith,* with him *John A. Hoober,* for appellants.

*Samuel H. Stewart,* for appellees.

OPINION BY RHODES, J., January 28, 1943:

Plaintiffs, husband and wife, have appealed from the refusal of the court below to grant a new trial in a trespass action to recover damages for personal injuries sustained by the wife. The trial judge entered a compulsory nonsuit in favor of two of the defendants, and the jury returned a verdict for wife plaintiff in the sum of $200 against the remaining defendant, Warren Frank, and allowed nothing for the husband.

The reason assigned in the court below in support of the motion for new trial was the inadequacy of the verdict. Additional reasons are now urged in support of the grant of a new trial. They will not be discussed, as they are not properly before us for consideration. *Gasperoni v. Datt,* 341 Pa. 448, 451, 19 A. 2d 376; *Dugan et al. v. McGara's, Inc.,* 344 Pa. 460, 465, 25 A. 2d 718.

The court below in refusing a new trial stated that plaintiffs had a fair and impartial trial, and that the amount of the verdict was not unjust. The award or refusal of a new trial because of inadequacy of the verdict is within the sound discretion of the trial court, and we will not declare the trial court guilty of abuse of discretion in refusing a new trial for inadequacy of the verdict unless it is a clear case of wrong or injustice which that court should have remedied. *Jones v. Pennsylvania Co.,* 60 Pa. Superior Ct. 438; *Richards v. Beaver Valley Traction Co.,* 105 Pa. Superior Ct. 248, 161 A. 596; *Zamojc v. Fisher,* 127 Pa. Superior Ct. 171,

193 A. 315; *Patterson v. Pittsburgh Rys. Co.,* 136 Pa. Superior Ct. 432, 435, 7 A. 2d 478.

Wife plaintiff was injured in an accident on September 3, 1938. Suit was instituted on July 18, 1940, and the case was tried on May 19, 1941. She was 64 years of age at the time of the trial. From 1930 to 1937 plaintiffs lived on a farm in Huntingdon County, and subsequently on a farm in York County. The accident which resulted in wife plaintiff's alleged injuries and disability occurred in the borough of Huntingdon, when she was struck by an automobile operated by defendant Warren Frank. At the trial she testified that she was knocked unconscious, and that painful injuries were present for some time thereafter. She sustained incomplete fracture of two ribs. Medical examinations at intervals after the accident disclosed a heart condition which was not present at an examination on September 10, 1938. The same physician who made that examination testified that he found dilation of the heart on August 10, 1939, and the same condition at an examination on August 18, 1939. There was testimony that her injuries sustained as a result of the accident had healed up very well, that her heart condition was permanent, and that she was unable to do her usual work. Two doctors testified that they were unable to say what caused the heart trouble; two other doctors said in their opinion it had no connection with the accident; another stated that he believed that she was permanently disabled due to the injury and shock received on September 3, 1938. There was medical testimony that her condition was due to arteriosclerosis, and that this was in no way the result of the accident. In its opinion the court below said: "In the light of this medical testimony of reputable and outstanding physicians, the jury could well conclude, and no doubt did find, that Carrie A. Stevens was suffering from a heart condition, and other ailments, which were not

brought about by the injuries she suffered due to the negligence of Warren Frank."

The jury apparently allowed wife plaintiff damages for the injuries which it believed were the result of the accident, and refused to make an allowance for expenses, pain and suffering, or loss of earnings attributable to the heart condition or other ailments.

We cannot say from our examination of the record that such discriminating conclusion of the jury was arbitrary, or the result of caprice or a misconception of the law and the evidence. See *First National Bank of Pittston v. Monarch Fire Insurance Co.*, 123 Pa. Superior Ct. 298, 308, 187 A. 69. We find no warrant to interfere with a matter that was primarily for the jury and secondarily for the court below.

As to the husband, the jury found that he was entitled to nothing. For some time he had been unable to work and was dependent upon his wife. She ran their farm, handled the finances and paid the bills. Her verdict evidently included the necessary expenses which the jury found resulted from her injuries from the accident. We need not decide whether the jury could have awarded damages for some items of expense to the husband instead of to the wife, as the plaintiffs did not complain of apportionment of the total amount of damages, and they have not been harmed. There could be no recovery for the same expenses by the husband even if he were primarily liable. *Fulcomer v. Pennsylvania R. Co.*, 141 Pa. Superior Ct. 264, 14 A. 2d 593.

Plaintiffs now complain for the first time that the court below improperly molded the verdict as to the husband. There is no merit in this contention. The jury found "for the plaintiff Edward C. Stevens nothing." The court amended this verdict to read "for the defendant, Warren Frank." The court merely amended the verdict to conform to the issue, and to give effect

to what the jury unmistakably intended. This it had the power to do. *Friedly v. Scheetz,* 9 Serg. & R. 156, 165; *Emblem Oil Co. v. Taylor,* 118 Pa. Superior Ct. 259, 264, 179 A. 773; *Schmidt v. Campbell et al.,* 136 Pa. Superior Ct. 590, 597, 7 A. 2d 554.

The judgments are affirmed.