## Otwell, Administratrix, etc., v. Baldwin

*Guy G. de Furia*, for plaintiffs.

*D. Malcolm Hodge*, of *Hodge, Hodge & Balderston*, for defendant.

MacDade, P. J., June 10, 1947.—This is an action in trespass to recover damages for the death of a 19-year-old girl, resulting from an automobile accident and alleged to have been caused by defendant, the driver, through negligence.

The minor was a guest passenger. The passenger vehicle in which they were riding late in the evening ran off a paved highway at a curve therein in clear weather and contacted a tree upon the lawn of a nearby resident some considerable feet from where the said car left the highway on its left-hand side, while it was being operated in the first instance by defendant on the right side, at a high rate of speed.

There were skid marks on the highway.

Presumptively this defendant was negligent, for in itself the leaving of the car from the highway under the circumstances of the instant case is not the usual way a motor vehicle is driven on such course as a usually careful, prudent person would drive same.

Apparently it was a lack of due care under these circumstances, which is termed "negligence".

The cases were tried and the jury trying the same in due time returned to the court room, where they rendered the verdicts recorded in the cases under the direction of the trial judge, after an extended discussion of same.

For a full discussion of the incident we directed to be transcribed and filed what was said by the jurors, counsel and the trial judge, which is now filed of record and incorporated in this opinion by reference thereto.

The verdicts as recorded are as follows:

## "VERDICTS

Date, Jury Sworn    May 6, 1947
Date, Verdict rendered May 7, 1947
No. of case on Trial List    52
Number and term and year of case    280    December Term, 1946
Plaintiff    Mae Q. Otwell, administratrix, of the Estate of Adonia E. Otwell, deceased, Trustee Ad Litem for Mae Q. Otwell, and James M. Otwell
Defendant    J. Walter Baldwin, Jr.
Verdict in favor of Plaintiff
Amount of Verdict    $740.00
No. of Court    3
Judge Presiding    MacDade, P. J.
G. G. deFuria
Attorney for Plaintiff
D. M. Hodge
Attorney for Defendant

A. J. P.
Clerk."

"VERDICTS

Date, Jury sworn    May 6, 1947
Date, verdict rendered    May 7, 1947
No. of cases on Trial List    52
Number and term of year of case    280
                        December Term 1946
Plaintiff    Mae Q. Otwell, administratrix of the Estate
  of Adonia E. Otwell, deceased
Defendant    J. Walter Baldwin, Jr.
Verdict in favor of Defendant
Amount of verdict    —
No. of court    3
Judge presiding    MacDade, P. J.
G. C. de Furia
  Attorney for Plaintiff
D. M. Hodge                                    A. J. P.
  Attorney for Defendant                      Clerk."

It was anticipated that motions for new trials would
be made, and counsel for plaintiffs did so in the case
where Mae Q. Otwell was administratrix of the estate
of Adonia E. Otwell, deceased, where the verdict was
recorded in favor of defendant.

There are no such motions emanating from defend-
ant for the present, but in lieu thereof defendant's
counsel filed a petition to mold or correct the verdict
in this case, and a rule was granted thereon, which
recently came before the court en banc as to what dis-
position should be made of such rule.

To this petition plaintiff administratrix filed an
answer opposing making the said rule absolute, in
conformity with the prayer of the petition.

We think, after due consideration, inasmuch as the
verdicts have been recorded, showing a recovery in
one instance, and a failure to recover in the other in-
stance, based upon the same facts and same defendant,
that the reasoning for the verdicts is absolutely incon-
sistent when the jury found defendant negligent in

the one and not negligent in the other, and this would be equally true even if the jury meant to find defendant negligent in both cases, and yet in the case of the administratrix to assess no damages under all the evidence adduced. The situation is most ridiculous and there is no justice in the same.

It would appear to be a most capricious disregard of the testimony regarding damages allowable if defendant be found negligent.

The verdicts have been recorded, as stated above, and the court has no authority or power to change the same. That is, the jury returned a verdict in favor of plaintiff in her action as trustee ad litem in the sum of $740, and, in the survival action, returned a verdict in favor of defendant, and the verdict was properly molded in the said survival action in directing the entry of the same in that action for defendant.

The jury specifically awarded to plaintiff in an action as trustee ad litem the sum of $740 and not $720, and in the survival action specifically stated that they found no damages whatsoever in favor of plaintiff, and returned a verdict in that case in favor of defendant.

We think, therefore, that defendant's petition and rule should be dismissed for the following reasons:

1. Although plaintiff at the trial requested that the jury make special findings as to damages, this was objected to by counsel for defendant, causing the resulting confusion.

2. There was no evidence whatever in the case that decedent and defendant would be married, although this was improperly injected into the case when defense counsel made his opening statement, although defendant's counsel knew that defendant could not testify to any such fact because of his incompetency as a witness.

3. As appears by the transcript of the proceedings on May 7, 1947, in the presence of the jury, defend-

ant's counsel asked that the verdicts be recorded, and the verdicts having been recorded, the petition now filed is out of order and too late.

4. An amendment to the recorded verdict of a jury, after the jury has been discharged, is permissible only in very special cases where the facts are not disputed, and where justice requires it: Maize, Admr., v. Atlantic Refining Co., 352 Pa. 51 (1945).

5. Where the verdict has been recorded and the jury discharged, the record becomes the verdict which cannot be altered by the jury or the court: Beecher v. Newcomer, 46 Pa. Superior Ct. 44 (1911).

6. The action of the trial judge in recording the verdict for defendant in the survival action, because in that case the jury found no damages in favor of plaintiff, was according to law and in strict accordance with the ruling of the Superior Court in Stevens et al. v. Frank et al., 151 Pa. Superior Ct. 222 (1943), in which case the jury found for plaintiff—nothing, and the court entered the verdict in favor of defendant.

### Order

And now, June 10, 1947, the above matter of a petition of defendant to mold the verdict to show of record a verdict for plaintiff for $20 and against defendant, coming on to be heard by the court en banc, together with answer to said petition, and oral arguments, after due consideration, the court doth order and decree the following:

1. Defendant's petition and rule aforesaid to mold the verdict to show a verdict for plaintiff as administratrix, etc., and against defendant, be and are dismissed and discharged; and

2. Defendant is allowed 10 days to file motion for new trial and/or for judgment non obstante veredicto, as he may elect;

3. Plaintiffs are also permitted, if they so elect, within 10 days, to file motions for new trials in each and all of the said consolidated cases, sec. reg. et sec. leg.