## Scali v. McCusker

*Howard M. Girsh* and *Alvin S. Ackerman,* for plaintiffs.

*Joseph T. Labrum,* for defendant.

SWENEY, P. J., March 6, 1963.—The jury rendered its verdict "in favor of the plaintiff and awarded no damages." The trial judge molded the verdict to read "a verdict for the defendant." Plaintiffs have filed their motion for a new trial alleging error by the trial judge and also claiming an inadequate verdict and a verdict against the evidence. The case has been argued before a court en banc.

We find no case squarely on point in Pennsylvania. We are well aware of the decisions requiring a new trial where the verdict has been a nominal one where substantial damages were proved. In addition, Stevens v. Frank, 151 Pa. Superior Ct. 222, is authority for the trial judge to mold a verdict for defendant when the facts of the case indicate that it is the jury's intention not to award damages.

It would be difficult to find a case where the intention of the jury was more clear. The evidence, uncontradicted, shows a rear-end collision. The impact was slight; there was no damage to defendant's car and no claim for damages to plaintiff's car, which damage was described as a slight scratch to the bumper, not larger than a quarter. After the accident, wife plaintiff stated she was not hurt and moved about without discomfort. The family doctor was consulted, treated, rendered a

bill of $40 but was not called as a witness. Dr. Kaufman, a chiropractor, who first saw plaintiff two months after the accident, called as a witness, testified that plaintiff suffered from a "whip lash" injury. His bill was $225. Defendant's doctor testified to an examination six months after the accident, that he found no evidence of injury and that if she had been injured, the injury would have healed in a week to three weeks.

From this testimony, and considering the testimony of plaintiff herself, the jury, in our opinion, arrived at the conclusion that plaintiff was not injured in this accident. This is borne out by the fact that, after the jury retired, a question was sent to the judge, inquiring as to how they should render their verdict if they found the plaintiff contributorily negligent (there was some evidence of a sudden stop by plaintiff); the jury was told they must find for defendant. They next asked whether they could render a verdict in favor of plaintiff and award no damages; they were instructed that they could but that the better practice would be to find for defendant. Notwithstanding this instruction they found by their verdict that plaintiff was not negligent, that defendant was negligent but that plaintiff had not suffered injury as a result of the accident. No one can question that this was not a proper verdict. The trial judge felt he should mold the verdict as he did; we do not think it was necessary, but we can see no harm done.

### Decree

And now, March 6, 1963, it is ordered and decreed that

1. Plaintiffs' motion for a new trial is dismissed;

2. Judgment is entered on the verdict in favor of defendant;

3. An exception is noted for plaintiffs.